Chief Justice Marshall
delivered the opinion of the Court.
This was an application to the Jefferson Circuit Court ^01' a wr^ Pr°hikition to prevent Standiford, a justice of the peace, from issuing executions on several judgments rendered by him against Coe, under the statutes imposing penalties for keeping a tippling house. The petition for the writ states that there were six warrants, that on three of them judgments were rendered against Cqefor $10 in each case, and on the other warrants judgment for $20. The only warrant exhibited in the record, limits the demand to three pounds as the forfeiture provided by law for presuming to keep a tippling house without license, and a judgment was rendered thereon for ten dollars. The other warrants are stated by the justice to be like this one, only the judgment on one is for $20. .The prohibition was asked for on the ground that a justice of the peace has no right or jurisdiction under the statutes, to adjudge or enforce the fines or penalties denounced against tippling houses. And the petition having been overruled, the question of jurisdiction is presented for the decision of this Court.
On looking into the statutes relating to this subject, ive find that the fourth section of the act of 1793, (Stat. Law, 1499,) imposing a forfeiture or penalty of three Pounds on any person who shall presume to keep a tippling house without license, expressly authorizes . - i* i the same to be recovered by order oí the Court on a presentment of a grand jury, or by a warrant from a justice of the peace in the county, fyc. And we find that the 6th section of the act of 1831, (Stat. Law, 1382,) *197 after enacting that any person keeping a tippling house without license, shall in addition to the penalties now imposed by law, be subject to a fine of fifty dollars, and after imposing additional penalties also for other offenses, expressly declares that the penalties thereby imposed, may be recovered by action of debt in the name of the Commonwealth before a justice of the peace, or by motion in the Circuit Court, or by presentment of a grand jury.
A writ of prohibition will not issue lo restrain, a Justice of the-Peace from issuing execution for a penalty incurred, which is less than it sh'd or might have been. He had jurisdiction of the subject, and that his decision may have been, erroneous will not authorize ihe writ of prohibition,
One argument against the jurisdiction is that as this statute adds $50 to the penalty of $10 previously imposed, it makes the whole penalty $60, which is beyond the jurisdiction of a justice of the peace as fixed by law.
But the general law limiting the general jurisdiction of justices to $50, imposed no restriction upon the legislative power, which was fully competent either to increase their general jurisdiction, or to authorize them in special cases, and especially in penal cases to take a more enlarged jurisdiction. And whether the effect of the two statutes imposing penalties for keeping a tippling house be to make a single penalty of $60, thus merging the previous penalty of $10, or to authorize the imposition of two distinct penalties amounting in the aggregate to $60, we think it clear that in either case plenary jurisdiction is given to justices of the peace to carry each and bpth of the acts into effect by adjudging and enforcing the entire penalty or penalties. We dp noj understand that there is any complaint that the justice has not adjudged a penalty as large as he might or ought to have done, and certainly such an omission forms no ground on which the delinquent party should obtain a prohibition against the enforcement of the penalty actually adjudged, it is therefore deemed unnecessary to enquire on what grounds the penalties of ten dollars in some of the cases and of twenty dollars in one of them was adjudged, nor into the effect which these judgments or any of them should have in preventing or barring a proceeding in the Circuit Court for the same offenses. If it he conceded that the *198 Legislature did not intend that a justice should impose a' penalty of $10, under the old statute, and that the party should still be subject to a further penalty of $50, in a different proceeding for the same offense, either before a justice or in the Circuit Court, the legitimate conclusion from these premises would seem to he, not that the justice had exceeded but that he had fallen short of his jurisdiction in the sum adjudged, and that he had protected the delinquent from the larger penalty by a judgment for a much smaller one.
With regard to the repealing clause at the end of the act of 1831, it certainly repeals no part of the. same act, and therefore leaves in the justices the jurisdiction expressly conferred by the 6th section, and it Certainly leaves in force or adopts the penalty of three pounds ($10,) denounced by the act of 1793, since it adds to that penalty. If the penalty of $10 can be separately enforced under the act of 1793, it may be enforced by a justice of the peace under the provisions of the same act. And if it cannot be thus separately enforced it is only because the 6th section of the act of 1831 is to be construed as imposing a penalty of $60 for the same offense, and as including therein the previous penalty of $10. The consequence of this construction would be that by the act of 1831, a justice of the peace is authorized to adjudge and enforce the penalty of $60.
And if under this construction his jurisdiction as given by the act of 1793 is repealed, it. is only because an increased jurisdiction is given to him by the act of 1831. In this view of the case he may have erred in the form of his warrant, and in the amount of the penalty therein named and afterwards adjudged. Bui whatever might he said if he had given judgment fo¡' too large a sum, we are of opinion that the writ of prohibition does not lie for mero error in form, and ce rtainly not for the error of demanding and rendering judgment for too small a sum. The justice had cognizance of the offence with which Coe was charged, and was guilty of no encroachment of jurisdiction. Nor *199 does it appeal' that by any error in the form of the ■warrant or judgment the defendant therein has been or can be subjected to any inconvenience. If the justice has mistaken the statute under which he should have acted, he still had jurisdiction over the subject, and the person, and his judgment not having gone beyond his jurisdiction is not void, though it may be erroneous.
Wood for plaintiff;
Wherefore the order overruling the petition and motion for a writ of prohibition is affirmed.