CASE 62—PETITION EQUITY—DECEMBER 5.

## Shinkle v. City of Covington, &c.

APPEAL FROM KENTON CIRCUIT COURT.

1. A CITY ORDINANCE MAY BE IMPEACHED FOR FRAUD, but the mere fact that an ordinance, general in its application, injures in a peculiar way a particular individual, will not authorize the courts to presume that it was enacted for the purpose of annoying him, and depriving him of his rights, and for that reason to declare it void.

2. INJUNCTION.—Numerous warrants having been issued against an individual, charging him with the violation of a city ordinance prescribing a penalty for each twenty-four hours any person shall hold exclusive possession of any of the streets, commons, etc., belonging to the city, he filed his petition, alleging title in himself to the property which he is charged with holding, and asking an

Shinkle v. City of Covington, &c.

injunction restraining the city from prosecuting him. *Held*—That. he is entitled to an injunction restraining the prosecutions until the right of property as between him and the city can be determined. The amount of the fine not being sufficient to authorize an appeal, an injunction is the only remedy.

3. A WRIT OF PROHIBITION is the remedy provided by appellee's charter for testing the validity of an ordinance; but the ordinance attacked in this case being valid, that writ is not the proper remedy for determining the right of property as between the. citizen and the city.

COLLINS AND FENLEY FOR APPELLANT.

1. The court had jurisdiction to determine the validity of the ordinance by writ of prohibition. (Acts of 1849–'50, vol. 1, page 238; Talbot v. Dent, 9 B. M., 528.)

2. The ordinance is invalid *per se*, because it does not contemplate a. mere temporary obstruction of the streets, but makes it a penal offense for any one to hold the *exclusive possession* of the streets,. etc. (Dudley v. Trustees of Frankfort, 12 B. M., 614.)

3. Injunction will lie to prevent the enforcement of an ordinance valid on its face, but invalid by reason of extraneous circumstances. (Ewing v. City of St. Louis, 5 Wall., 413; Brown v. Catlettsburg, 11 Bush, 435; Dillon on Municipal Corporations, section 611; Trustees of Louisville v. Gray, 1 Littell, 147.)

4. The ordinance is invalid by reason of the motives and circumstances under which it was enacted, and should be so declared by the court. (Dillon on Municipal Corporations, section 311; The State v. Cincinnati Gas Co., 18 Ohio St., 262.)

W. K. BENTON FOR APPELLEES.

1. The council had authority to pass the ordinance complained of. (1 Dillon on Municipal Corporations, section 245.)

2. The ground in controversy is a public space over which the city has exclusive control, with authority to prevent any one else from taking exclusive possession of it. (City of Covington v. McNickle's Heirs, 18 B. M., 281.)

3. The ordinance complained of is general in its character, and the court will not inquire into the motives of the members of the council in passing it. (1 Dillon on Municipal Corporations, section 248.)

4. The only purpose this action can serve, or was intended to serve, is to test the validity of the ordinance. Appellant does not ask for an injunction.

SAME COUNSEL IN PETITION FOR REHEARING.

1. No injunction was asked and none should be granted. (Civil Code, sections 90 and 276.)

2. The mayor's court alone has jurisdiction to grant an injunction to stay proceedings on the judgment rendered in that court. (Neeters v. Clement, 12 Bush, 360; Davis v. Davis, 10 Bush, 276.)

3. Appellant neither alleges nor proves title or right of possession in himself, and therefore no injunction should be granted. (Trustees of Louisville v. Gray, 1 Litt., 146.)

4. Municipal corporations can not dispose of property of a public nature in violation of the trusts upon which it is held. (Dillon on Municipal Corporations, section 445, and authorities cited; City of Covington v. McNickle's Heirs, 18 B. M., 281.)

5. As to the cases in which judgments will be enjoined. (High on Injunctions, sections 46, 96 and 130; Dedman v. Chiles, 8 Mon., 426; Brown, &c., v. Trustees of Catlettsburg, 11 Bush, 439; Ewing v. City of St. Louis, 5 Wall., 413.)

6. If a party has a good defense at law to the whole or part of the demand and fails to present it, or it is disallowed by the verdict, chancery can not relieve him. (Talbot v. Banks, 2 J. J. M., 550; Mershon v. Bank of Commonwealth, 6 J. J. M., 440; Harrison v. Lee, 7 J. J. M., 172; Walker v. Ogden, 1 Dana, 253.)

7. The judgment of a court of limited jurisdiction, like the mayor's court, while acting within its jurisdiction, is entitled to the same respect as a decree of the Chancellor himself.

W. A. BYRNE ON SAME SIDE.

1. This is a suit to test the validity of an ordinance, and is, therefore, unlike the cases of Dudley v. Trustees of Frankfort, 12 B. M., 614, and Trustees of Louisville v. Gray, 1 Litt., 147, which were virtually suits to quiet title.

2. Appellant fails to show title or right of possession in himself. He claims under a lease from the city; but a city can not agree to part with any of her property in public use without special legislative power. (Kennedy's Heirs v. Covington, 8 Dana, 50; Kennedy v. City of Covington, 17 B. M., 583; 8 B. M., 258; Owens v. Roberts, 6 Bush, 609; Covington Street Railway Co. v. City of Covington, 9 Bush, 127; 8 Bush, 421; 3 B. M., 440.)

3. The ordinance is valid. It does not impose a penalty upon a citizen for holding his own property, but for holding the property of the city; and if appellant has a remedy, it is by a proceeding to quiet his title.

JUDGE PRYOR DELIVERED THE OPINION OF THE COURT.

The city council of Covington having as a legislative body the complete control of the streets, lanes, alleys, wharves, landings, etc., within the

corporate limits, with the right to pass such ordinances and by-laws as may be necessary for the better government of the city, and to legislate on all subjects that the good government of the city may require, and affix penalties for the violation of its ordinances not exceeding fifty dollars, on the eighth of February, 1883, enacted an ordinance declaring "it unlawful for any person, unless by ordinance, resolution, or written authority of the council, or under the laws of Kentucky, to hold the exclusive possession of any of the streets, lanes, alleys, commons, spaces, squares, wharves, or landings belonging to the city of Covington, or any part thereof."

The penalty for a violation of the ordinance is the imposition of a fine in the mayor's court of fifteen dollars for each twenty-four hours the person charged may be found guilty of a violation of the ordinance, and the costs of proceeding, etc.

In a few days after the passage of this ordinance a warrant was issued in the name of the city against the appellant, charging him with violating its provisions. The case was heard in the mayor's court, and a fine imposed on the appellant of fifteen dollars, from which an appeal was taken to the quarterly court and dismissed for want of jurisdiction. Another warrant was then issued for a further violation of the ordinance by the appellant, and soon after as many as twelve or fifteen complaints entered against him by the city, involving his disregard of the ordinance, and asking for a summons against him.

The appellant then filed his petition in the Kenton Circuit Court under section 1, article 9, of the city charter, for the purpose of testing the validity of the ordinance. By a provision of the city charter the *validity of an ordinance may be determined by a writ of prohibition* from the circuit court, or by the court having jurisdiction over said city, with the right of either party to prosecute an appeal, and, therefore, the jurisdiction is conferred by the charter, and the mayor may be prohibited from imposing the fine or proceeding under the ordinance until the ordinance is pronounced valid by the court from which the writ of prohibition comes.

Under this writ of prohibition, which seems to be the remedy provided by the charter where the validity of the ordinance is called in question, the court below was asked not only to determine the right of the mayor to impose the fine, but also to determine the right of property between the city and the appellant, although the ordinance should be adjudged valid.

This position is sought to be maintained on the ground that the ordinance was passed with a view to harass and annoy the appellant with warrants for the purpose of imposing the penalties for violating the ordinance, from which there was no appeal, until the appellant would be driven to abandon his right of property as against the city. It is alleged in his petition that the ordinance was enacted for the sole purpose of depriving appellant of his rights; that he is a resident and coal dealer in the city of Cov-

ington, and that since 1874 he has used the bank of the river between Scott and Madison streets for the purpose of mooring his boats, floats, etc., from which he delivered his coal to the citizens of Covington; that the space between the two streets, from Front street to low water-mark in the river, was the subject of an action of ejectment by the city of Covington against McNickle's heirs, and that by the judgment in that case, rendered in 1871, the defendants in the action were given the possession and use of the property for the period of twenty-five years, provided they kept their rolling-mill thereon; that the heirs of McNickle leased this property and rolling-mill to Kyle, and in 1874 the appellant entered under Kyle, by which he was to have the right to use the river bank and to furnish coal to the mill.

It is further alleged that the city has never established a wharf, or provided a landing of any kind at this point, nor graded, paved, macadamized or furnished any means of mooring crafts, or of transporting their contents from there to any part of the city; that this property is only a common, and not used by himself exclusively, nor the right denied by him to others; that the city of Covington had leased the ground to Waterman & Woods, and agreed to place them in possession, and in the refusal to surrender possession by appellant originated the ordinance under which these fines are being imposed; that the property being a mere common, and not opened or used as a wharf or street, the city is enforcing this penal ordinance against appellant that its lessees may have the exclusive use of the prop-

erty. The warrants were issued for violating the ordinance in holding and exercising the exclusive use of the landing.

We perceive no objection to the ordinance under which the penalties in this case have been imposed. The right of the council to pass such an ordinance is not questioned by counsel for the appellant, and as it is universal in its application, affecting all alike living within the corporate boundary, it is not to be presumed that the only motive influencing the members of the city council to pass the ordinance was to annoy the appellant, and thereby deprive him of the use of the river bank.

There is nothing unreasonable in any feature of this law of the city, and no provision of it in violation of the city charter or the organic law of the State. It is to punish those who undertake to hold the exclusive use of the wharves, landings, streets, commons, etc., over which the city authorities have control, and to adjudge such an ordinance invalid would in effect take from the city legislature the power of controlling the use of its streets and public thoroughfares, and of punishing those who assume to use or control them without right.

Although the council in this case have been charged with fraud in enacting the ordinance, and we see no reason why the validity of an ordinance may not be assailed on the ground of fraud, still there are no facts in this record conducing to establish such a charge, nor would the court below have been authorized on the hearing of the writ of

prohibition to listen to extrinsic evidence or facts alone applicable to the appellant for the purpose of determining an ordinance invalid as to him, but still valid as to all other citizens of the corporation.

The ordinance can not be determined invalid upon testimony showing that it is oppressive, or works a hardship to the person who has obtained the writ. The validity of the law or ordinance is in such a case alone the subject of inquiry. Had the city council the right to pass such an ordinance is the question to be determined, and no other.

That it may affect injuriously in some way one or more citizens who are complaining, does not make such an ordinance invalid, and while the act of a municipal corporation in the form of an ordinance may be impeached for fraud, says Mr. Dillon, in his work on Municipal Corporations, section 230, still there is nothing in this case, conceding the allegations of the petitioner to be true, that would authorize the court to presume the existence of a fraudulent purpose by the council in the passage of the ordinance; and to direct such an inquiry as to an ordinance clearly within the exercise of the corporate power and general in its character, would conduce to make legislation for the public good subordinate to individual interests.

The ordinance being valid, the writ of prohibition was not the proper remedy.

The appellant filed an amended petition, asking for an injunction restraining the city from prose-

cuting the penal actions against him on the motion
for the writ of prohibition, and also for an injunc-
tion. Upon the facts alleged the appellee, the
city, appeared, and filing its demurrer, that was
sustained, the court dismissed the petition, the
appellant declining to amend.

The facts stated entitled the appellant to an
injunction restraining the city from proceeding
under its warrants until the controversy as to the
use and possession of the property in question
could be determined. Here was a controversy be-
tween the city and the appellant as to the use
of the river bank as a harbor for his coal-boats
in common with others. There was no wharf or
city landing at this point—no street or any way
belonging to the city obstructed, but the use in
common with those who had coal and flat-boats' on
the river by using the shore as a place of fastening
their boats, and of loading and unloading them
when they saw proper.

No right of the city had been invaded by the
appellant; but, on the contrary, the latter had used
this part of the river bank as a matter of right.
The judgment against the city in January, 1871, gave
to the heirs of McNickle the possession and use of
the premises for twenty-five years, and the appel-
lant entered under the claim of McNickle's heirs in
1874.

The facts alleged in the petition are all admitted
by the demurrer, and present a case where the city
must adopt a civil remedy for relief if the facts
alleged are not true, or litigate the right of the

appellant to the use of the property in the present action.

Fines and penalties can not be imposed against one who is rightfully in possession under the ordinance in question. It is intended to punish the trespasser, or those who, without right, are appropriating the property of the city to their own use, but can not be enforced against one who has the right to the use. The decision upon the warrant in the mayor's court does not determine this right; but if the facts alleged are true, the appellant is being punished by fine for exercising a right of which he can not be deprived without due process of law, and which he was exercising at the time the ordinance was passed. His ordinary remedy against the city for the wrong complained of would not stay proceedings upon the multiplied warrants against him, and in such a state of case we see no reason why a court of equity should not entertain jurisdiction, and stay all proceedings on the warrants until the matters alleged in the petition are heard and determined.

The aid of a court of equity cannot be invoked so as to interfere with proceedings of subordinate tribunals, unless to prevent irreparable injury or a multiplicity of suits. (Ewing v. City of St. Louis, 5 Wallace, 413; The Mayor of Brooklyn v. Meserole, 26 Wend., 132.)

The ordinance passed by the city is not void, but in accordance with law, and without any discrimination in its provisions as between the citizens of Covington, and the real ground for going into a court

of equity is the illegal use made of this ordinance against a party who is without remedy at law, and who must be compelled to surrender his right to the use, title and possession of property in order to avoid the imposition of penalties upon him that, when enforced, must work irreparable injury.

It can not well be said that the city or its authorized agents are trespassers when the proceeding against the appellant is by warrant for a violation of the ordinance, and the judgment rendered by a court having jurisdiction over the subject-matter and the parties.

In the case of the Trustees of Louisville v. Gray, reported in 1 Littell, 147, Gray attempted to build a warehouse upon ground to which he claimed title, and the city authorities, claiming that the wall of the building was on a street of the city, proceeded to enforce the penalty of four dollars and costs against Gray for the obstruction. Gray obtained an injunction, that was perpetuated, upon the ground that he and not the city was vested with the title, and this court affirmed the judgment, holding that a court of equity could entertain the jurisdiction for the purpose of quieting the title.

In this case no action at law can be maintained for an entry on appellant's possession, for none has been made. He has no appeal from the judgment of the municipal court enforcing the ordinance, and is met with a warrant, in the name of the city, under which he is fined fifteen dollars for each twenty-four hours that he uses the river bank, or permits his boats to remain there. By this mode of pro-

ceeding the civil remedy by the city is ignored,. and the appellant compelled to abandon the pos-- session in order to avoid the penalties. The injury is irreparable, and a court of equity should not hesitate to grant the relief.

The judgment is therefore reversed, and the cause remanded, with directions to overrule the demurrer and award the injunction, etc.