CASE 56—PETITION EQUITY—DECEMBER 3.

# Ludlow & Cincinnati Coal Co. v. City of Ludlow, Etc.

### APPEAL FROM KENTON CIRCUIT COURT.

1. INJUNCTIONS—LICENSE FEES.—Courts of equity will not enjoin the collection of license fees by a city under a valid ordinance imposing a fine for failure to pay them where the validity of the ordinance is not attacked, but only its application to the plaintiff is questioned; it appearing that only one proceeding under the ordinance had been instituted against the plaintiff and that others were only threatened.

HARVEY MYERS FOR APPELLANT.

1. Appellant's vehicles, as shown by the allegations of the petition, were used exclusively for the purpose of delivering coal to its customers, and not for hire, and they were not, therefore, required to pay the license fees under the terms of the ordinance.
2. Courts of equity will interfere to prevent municipal authorities from making illegal use of their powers, and to restrain them from the attempted enforcement of unauthorized municipal regulations or ordinances. Brown v. Trustees of Catlettsburg, 11 Bush, 439.

Ludlow & Cincinnati Coal Co. v. City of Ludlow, etc.

WALTER T. RITCHIE for APPELLEES.

1. Appellant has a complete remedy at law, which it has seen proper to follow in its appeal from the judgment of the police court of Ludlow assessing a fine against it under the provisions of the ordinance in question, and the injunction therefore can not be granted. Mershon v. Bank, 6 J. J. M., 440; Talbert v. Bank, 2 J. J. M., 550; High on Injunctions, vol. 2, sec. 1242; Brown v. Trustees of Catlettsburg, 11 Bush, 435.

2. An injunction will not be granted to restrain the prosecution of suits before justices of the peace for violation of a city ordinance when the complainant can test the legality and validity of the ordinance by a direct appeal from the decision of the justice. High on Injunction, vol. 2, sec. 1244; Shinkle v. Covington, 83 Ky., 420.

3. Equity will not interfere to prevent the enforcement of an ordinance simply because some subordinate officers of a city threaten to institute further proceedings under it. High on Injunction, vol. 2, sec. 1242.

JUDGE DuRELLE DELIVERED THE OPINION OF THE COURT.

Appellant's petition, to which a demurrer was sustained, alleges that the appellant was engaged in the coal business in Ludlow, and for the purpose of delivering coal to its customers, and for no other purpose, owned and used certain carts and vehicles; that the city of Ludlow and its police judge and marshal had required appellant to pay license fees on said carts and vehicles under authority of an ordinance of the city providing that the owner of all vehicles used for hire upon the streets and other public ways of the city shall pay annual license fees, and providing that persons failing or refusing to take out the licenses therein provided for should be subject to a fine of not less than $1 nor more than $50, and costs. The appellant further alleged in its petition that the appellees "threatened to and have instituted proceedings against it in the police court of said city to compel the payment of said license fees; * * * and threatened to institute further proceedings against it,

and threatened to cause further fines to be assessed against it each day it refuses to take out a license under said ordinance, and it says its business is thereby interfered with and will be injured and destroyed."

The prayer is for a perpetual injunction to restrain the appellees from collecting such license fees.  It will be observed that the injunction is not prayed until such time only as the validity of the ordinance can be determined; indeed there is no question made as to the perfect validity of the ordinance, the only question being that the police court of Ludlow has erroneously applied the ordinance to the vehicles of appellant.  Nor does it appear from the petition that more than one proceeding has been instituted against it for the imposition of a fine, but merely that other proceedings are threatened.

In the case of Shinkle v. The City of Covington, 83 Ky., 420, a case which presents a somewhat extreme application of the power of a court of equity to interfere with proceedings of subordinate tribunals by injunction, an injunction was held to be the proper remedy to prevent the city from repeatedly prosecuting the citizen for violating a city ordinance prohibiting any person from holding possession of streets or commons of the city, when the plaintiff asserted title to the premises in controversy, the relief being allowed until the disputed question of title could be determined.  In that case some twelve or fifteen separate prosecutions had been instituted, and the relief granted was only until the title to the property in dispute could be ascertained.  In this case the averments of the petition can not be construed as setting up the institution of more than one prosecution,

and the relief sought is in effect a revision by this court of the judicial determination by the police court of Ludlow upon the question whether the ordinance of that city applied to the vehicles of appellant. We can not see that the case at bar comes within the rule laid down in that case. Nor is it a case within the rule in Brown v. The Trustees of Catlettsburg, 11 Bush, 435, in which case the rule was laid down in the language used by the Supreme Court in Ewing v. The City of St. Louis, 5 Wallace, 413: "With the proceedings and determination of inferior boards or tribunals of special jurisdiction courts of equity will not interfere unless it should become necessary to prevent a multiplicity of suits or irreparable injury, or unles the proceeding sought to be annulled or corrected is valid upon its face, and the alleged invalidity consists in matters to be established by extrinsic evidence."

In this case there is no pretence that the ordinance is invalid upon any ground. It does not sufficiently appear from the petition that the equitable remedy by injunction is necessary to prevent a multiplicity of suits. The general doctrine is that equity ought not, except for the clearest reasons, interfere with the speedy and ordinary collection of municipal or other public revenues." (Dillon's Municipal Corporations, 3d edition, section 923.)

In High on Injunctions (3d edition, section 1244,) it is said: "It necessarily follows from the doctrines as above stated and illustrated that when municipal ordinances have been enacted by the proper authority, proceedings on the part of municipal officers for their enforcement, as by suits, arrests or fines, will not be enjoined merely because of the

alleged illegality of the ordinances, or for the purpose of awaiting a determination of the question of their validity, when the person aggrieved may have a full and adequate remedy at law."

Courts of equity should, with extreme caution, apply the remedy of injunction against municipal officers acting under authority of a valid ordinance; and especially so in a case like this, where the remedy at law appears to be ample.

By section 3519, Kentucky Statutes, in reference to cities of the fourth class, provision is made for appeals from the judgment of the police court in all cases where the fine is more than $20, and as the amount of the fine in the proceeding alleged in the petition in this case is not averred, it is presumptively more than $20. It does not appear from the petition that the legal remedy for the alleged error of judgment complained of has been invoked.

We conclude, therefore, that as the facts presented do not constitute a ground for relief in equity the circuit court did not err in dismissing the petition.

Judgment affirmed.