## Zweigart v. Chesapeake & Ohio Railway Company.

(Decided December 8, 1914.)

### Appeal from Mason Circuit Court.

1. Injunction—Restraint of Criminal Proceedings.—While ordinarily an injunction will not lie to restrain criminal proceedings, yet where plaintiff's property right is involved, and it appears that there will be a multiplicity of suits, and irreparable injury will follow unless the prosecutions are enjoined, a court of equity may properly interfere.

2. Injunction—Questions Which May Be Considered.—Where an injunction is sought, and the facts are sufficient to justify the

interference of a court of equity, the court will pass on all questions that are necessarily involved.

3   Easements—Obstruction—Section 4354, Kentucky Statutes.—The obstruction by a railroad company of an easement across its tracks by permitting cars to stand thereon for an unreasonable length of time, is not affected by Section 4354, Kentucky Statutes, imposing a fine of ten dollars upon "any person who shall put any obstructions in a passway, or shall prop open, pull down, injure, or leave open a gate erected across the same," since the obstructions referred to in the statute are held to amount to a nuisance which may be abated by the owner of the passway, and the owner of the passway would not have the right to go upon the railroad's right of way and remove its cars.

4.   Easements—Obstruction—Relief.—An easement over a railroad track is subject to the reasonable use by the railroad company of its right of way, but if the railroad company wilfully or negligently obstructs the passway beyond the reasonable necessities of the prudent operation of its road, relief will be afforded.

ALLAN D. COLE for appellant.

WORTHINGTON, COCHRAN & BROWNING for appellee.

Opinion of the Court by William Rogers Clay, Commissioner—Affirming.

In the year 1887, the Maysville & Big Sandy Railroad Company condemned a right of way through the property of defendant, C. F. Zweigart. This property is located a short distance west of the city of Maysville. Thereafter plaintiff, the Chesapeake & Ohio Railway Company, acquired all the property and franchises of the Maysville & Big Sandy Railroad Company, including the ground condemned. On the north side of the right of way defendant maintains a slaughter house. Defendant has a private passway extending from his slaughter house across the railroad tracks to the public highway on the south side of the tracks. The defendant caused two warrants to be issued against plaintiff, one in the justice's court and one in the Mason Quarterly Court, charging plaintiff with obstructing the passway. The prosecutions were instituted under Section 4354, Kentucky Statutes, which is as follows:

"Any person who shall put any obstructions in a passway, or shall prop open, pull down, injure, or leave open a gate erected across the same, shall be liable to a fine of ten dollars, recoverable by warrant in the name

of the Commonwealth, the fine to be laid out in repairing the passway or gate."

On the trial of the warrant in the Mason Quarterly Court plaintiff was fined $10.

Alleging the issuance of the above warrants, and the fact that the defendant, unless restrained by order of court, would cause numerous other warrants to issue against plaintiff, and that such proceedings constituted a cloud on plaintiff's title and would seriously interfere with its right to use and control its property, and that there is no appeal from any judgment that might be rendered against it under the warrants that issued, or which the defendant was threatening to issue, plaintiff brought this action to enjoin the defendant from further prosecuting the warrants, and for the purpose of quieting its title to its right of way. The defendant filed an answer, pleading, in substance, that plaintiff was destroying his passway by frequently obstructing it and stopping its trains thereon for an unreasonable length of time. On final hearing, the chancellor granted plaintiff the relief sought, and defendant appeals.

While ordinarily, of course, an injunction will not lie to restrain criminal proceedings, yet, where, as in this case, plaintiff's property right is involved, and it appears that there will be a multiplicity of suits and irreparable injury will follow unless the prosecutions be enjoined, we conclude that a court of equity may properly interfere. Shinkle v. City of Covington, 83 Ky., 420. And where the facts are sufficient to justify the interference of a court of equity, the court will pass on all the questions that are necessarily involved.

It will be observed that this is not a case where the railroad company has located a building or constructed a fence or erected a barrier at a place where it obstructs defendant's passway. It is a case of conflicting easements. The easement of defendant is subordinate to that of plaintiff. Whatever obstruction exists grows out of plaintiff's exercise of its corporate franchise. It will be observed that the statute provides that any person who shall put any obstructions in a passway, or shall prop open, pull down, injure, or leave open a gate erected across the same, shall be liable to a fine of ten dollars, recoverable by a warrant in the name of the Commonwealth, the fine to be laid out in repairing the passway or gate. The only obstruction complained of by the defendant is the fact that the plaintiff blocked his

passway with standing cars for an unreasonable length of time. The question is: Is this the character of obstruction covered by the statute? It is generally held that the obstructions referred to in the statute amount to a nuisance which may be abated by the owner of the passway. It will not do to say that, in the case under consideration, defendant would have the right to go upon plaintiff's right of way and remove its cars. Furthermore, the statute refers to "any obstructions," and not to an obstruction maintained for an unreasonable length of time. Under this view of the statute, defendant's blocking the passway with its cars would necessarily constitute an obstruction even though the prudent operation of the road necessarily required that the passway be temporarily blocked. It seems to us, therefore, that the statute does not apply to such an obstruction.

It does not follow, however, that defendant is without relief. While the defendant's passway is subject to the reasonable use by plaintiff of its right of way, plaintiff's superior right extends no further than the reasonable necessities of the prudent operation of its road require. If it goes beyond these requirements and willfully or negligently obstructs defendant's passway, the courts will afford him adequate relief.

Judgment affirmed.