# DECISIONS

## OF THE

# Court of Appeals of Kentucky

## SPRING TERM, 1917.

### Cohen v. Webb.

(Decided March 23, 1917.)

### Appeal from Pike Circuit Court.

1.  Sunday—Jewish Sabbath—Time.—The Jewish Sabbath begins with sundown, or the appearance of the stars, Friday evening, and ends with sundown, or the appearance of the stars, Saturday evening.

2.  Sunday—Violation of Sunday Laws—Jews—Exemption—When Available.—Under section 1321 of the Kentucky Statutes, making it unlawful to do any business on Sunday except works of charity or necessity, but exempting from its operation members of a religious society who observe as a Sabbath any other day in the week than Sunday, it is not necessary that orthodox Jews shall observe Saturday from midnight Friday to midnight Saturday, in order to be exempt, it being sufficient if they regularly observe the Jewish Sabbath from sundown Friday evening to sundown Saturday evening.

3.  Injunction—Purpose—Criminal Proceedings—Multiplicity of Suits —Property Rights—Irreparable Injury.—An injunction will not lie to restrain criminal prosecutions except where property rights are involved and it is necessary for a court of equity to interfere in order to prevent a multiplicity of suits and consequent irreparable injury.

4.  Prohibition—Right of Relief—Circuit Court.—A circuit court may grant prohibition only to prevent an inferior court from exceeding its jurisdiction, but not to prevent such court from making an erroneous decision.

CHILDERS & CHILDERS and ROSCOE VANOVER for appellant.

J. S. CLINE, CLINE & STEELE and W. M. BOWLING for appellee.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Affirming.

Plaintiff, Samuel Cohen, brought this action in the Pike circuit court to obtain an injunction or a writ of prohibition restraining the defendant, U. G. Webb, police judge of the town or Hellier, from repeatedly trying and convicting him of violating the Sunday law, notwithstanding the fact that he was a Jew and regularly observed the Jewish Sabbath. On final hearing the relief prayed for was denied, and plaintiff appeals.

The allegations of the petition and amended petition are, in substance, as follows: Plaintiff is a Jew and a member of the Jewish church and believes in the doctrines and teachings of the Jewish religion. It is a part of the religious belief of all devout Jews that the Sabbath begins at sundown on Friday evening and ends at sundown on Saturday evening of each week. Plaintiff has been engaged in the retail mercantile business in the town of Hellier for several years last past. He, in good faith, keeps and observes the hours between sundown Friday and sundown Saturday as his Sabbath and day of rest and worship, and conscientiously believes that such period of time is the true Sabbath as fixed by the divine law. During such time he transacts no business whatever, but after the close of the Jewish Sabbath on Saturday evening he opens his store for business and does business on Sunday. The defendant, acting as police judge of the town of Hellier, has already issued numerous warrants charging plaintiff with Sabbath breaking. Upon two of these warrants plaintiff has been tried and found guilty, and his fines fixed at sums less than $20.00, thus depriving him of the right of appeal. Upon his failure to pay said fines, he was imprisoned and held in jail for several days. Upon his trials, the defendant refused to instruct the jury that plaintiff had the right to open his store and place of business on Sunday, if he belonged to a religious sect who observed as their Sabbath the period of time from sundown Friday evening to sundown Saturday evening, and who, in good faith, kept that period of time as their Sabbath. On the contrary, he instructed the jury that plaintiff had no right to carry on his business on Sunday, even though he had kept the Jewish Sabbath from sundown Friday to sundown Saturday, and further told

the jury that he was not keeping as a Sabbath any other day within the meaning of section 1321 of the Kentucky Statutes. The defendant, as plaintiff is informed and believes, has issued many other warrants for him for Sabbath breaking and, unless restrained by the court, will continue to try and convict plaintiff upon said charges and will continue to instruct the jury to find plaintiff guilty of Sabbath breaking, even though he has kept the Jewish Sabbath, and will continue to fine him in sums too small to permit of an appeal. Because of these facts plaintiff's business will be ruined; he himself will be imprisoned and greatly vexed, harassed and annoyed in the enjoyment and exercise of his religious liberty; and will suffer irreparable injury. For these reasons he has no adequate remedy at law and no way of securing justice and avoiding the irreparable injury which will be done him and his business, unless the relief prayed for is granted.

In his original petition plaintiff asked that the defendant be enjoined from further oppression of plaintiff in his religious belief, and that if defendant proceeded further with such warrants he should be required to instruct the jury trying plaintiff that if plaintiff, in good faith, kept the Jewish Sabbath according to his religious belief, he was not guilty of violating the Sunday law. In his amended petition plaintiff asked for a writ of prohibition restraining the defendant from proceeding to try plaintiff upon warrants accusing him of Sabbath breaking by selling goods on Sunday, provided plaintiff kept and observed the hours between sundown Friday and sundown Saturday in each week as his day of rest and worship, and further prohibiting defendant from trying plaintiff on any of the warrants charging him with such offense.

Defendant demurred to the petition and, without waiving the demurrer, filed an answer denying certain allegations of the petition and pleading, in substance, that plaintiff did not, in good faith, keep the Jewish Sabbath, but merely observed Saturday until sundown and thereafter resumed his business. He further says that he informed the plaintiff that if he desired to keep the Sabbath day he would be required to keep the whole of Saturday as the Sabbath, in good faith, and not a mere part of that day. Numerous affidavits were filed supporting the allegations of the petition. Defendant

also filed a transcript of the proceedings on the trial of plaintiff in the police court. From these affidavits and proceedings it appears that plaintiff did observe the Jewish Sabbath from sundown on Friday evening to sundown on Saturday evening.

By agreement of the parties the case was submitted to the court for judgment on the whole case, and the affidavits were considered as the depositions of the witnesses. The court refused the relief prayed, on the ground that plaintiff was not exempt from prosecution for a violation of the Sunday law, unless he observed as his Sabbath a period of twenty-four hours extending from midnight Friday to midnight Saturday.

Section 1321 of the Kentucky Statutes is as follows:

"Sunday—Work Other Than Work of Charity Prohibited.—No work or business shall be done on the Sabbath day except the ordinary household offices, or other work of necessity or charity, or work required in the maintenance or operation of a ferry, skiff or steamboat, or steam or street railroads. If any person on the Sabbath day shall himself be found at his own, or at any other trade or calling, or shall employ his apprentices, or other person, in labor or other business, whether the same be for profit or amusement, unless such as is permitted above, he shall be fined not less than two nor more than fifty dollars for each offense. Every person or apprentice so employed shall be deemed a separate offense. Persons who are members of a religious society, who observe as a Sabbath any other day in the week than Sunday, shall not be liable to the penalty prescribed in this section, if they observe as a Sabbath one day in each seven as herein provided."

The evidence in this case clearly shows, and it may be stated as a fact, that the Jewish Sabbath, as observed by orthodox Jews, begins with the appearance of the stars or at sundown Friday evening, and ends with the appearance of the stars or at sundown Saturday evening, and that after the end of the Sabbath on Saturday evening the Jews are at liberty, so far as the divine law is concerned, to devote their time and attention to business affairs. The question sharply presented is, does the statute exempt from its operation those Jews who regularly observe the Jewish Sabbath, or those only who observe a full statutory day according to the Christian calendar? As before stated, the defendant contends

for the latter construction and his contention was upheld by the circuit court. In support of this position he argues that the statute requires all Christians to observe a statutory day of twenty-four hours, and that the statute clearly contemplates that all others who wish to avail themselves of the exemption contained in the statute shall likewise observe some other statutory day. In our opinion, this construction of the statute is entirely too narrow. Clearly, it was not the purpose of the legislature to interfere with the Jewish conscience and require the members of that sect to continue to rest after their day of rest had ended. Of course, in speaking of Sunday, the statute refers to Sunday according to the Christian calendar and provides for its observance as such. When it comes to provide for an exemption, the controlling feature is the observance of another Sabbath than Sunday and not the observance of a mere statutory day. In other words, the purpose of the statute is to give to each sect its particular Sabbath or day of rest. Any other view of the statute would require the plaintiff not only to observe his own Sabbath for a period of twenty-four hours, but to observe a period of time not covered either by his Sabbath or the Christian Sabbath. We, therefore, conclude that both the police court and circuit court erred in holding that plaintiff was guilty under the statute, notwithstanding the fact that he regularly observed the Jewish Sabbath from sundown Friday evening to sundown Saturday evening.

The next question is whether either an injunction or a writ of prohibition will lie under the facts here presented.

It is the settled doctrine in this state that criminal prosecutions cannot be enjoined unless property rights are involved and it is necessary for a court of equity to interfere in order to prevent a multiplicity of suits and consequent irreparable injury. Zweigart v. C. & O. Ry. Co., 161 Ky. 463, 170 S. W. 1194; Shinkle v. City of Covington, 83 Ky. 420, 7 R. 412; Ludlow & Cincinnati Coal Co. v. City of Ludlow, 102 Ky. 354, 43 S. W. 435; Evans v. Cook, 33 R. 788, 111 S. W. 326. Here the defendant, as judge of the police court of Hellier, has jurisdiction of the plaintiff and of the offense, and, no property rights being involved, it follows that an injunction will not lie.

It will be observed that this is not an original application to this court for a writ under section 110 of the constitution, conferring power "to issue such writs as may be necessary to give it a general control of inferior jurisdictions." The application was made in the first instance to the circuit court. The writ of prohibition is an order of the circuit court to an inferior court of limited jurisdiction, prohibiting it from proceeding in a matter out of its jurisdiction. Civil Code, section 479. Construing this provision, it has been frequently held that a circuit court cannot issue a writ of prohibition to prevent an inferior court from making an erroneous decision, or enforce an erroneous judgment or order; it can be granted only to prohibit the inferior court from proceeding in a matter out of its jurisdiction. Hughes v. Holbrook, 32 R. 1210, 108 S. W. 225; Bank Lick Turnpike Co. v. Phelps, 81 Ky. 613, 5 R. 713; Arnold, et al. v. Shields, et al., 5 Dana 18, 30 Am. Dec. 669; Coe v. Standiford, 11 B. Mon. 196. There is no complaint in this case that defendant is proceeding out of his jurisdiction. Stripped of all surplusage, the writ is asked on the ground that the police court has erred in its instructions to the jury and will continue to make the same error in other pending or threatened prosecutions. In other words, the case is one where the inferior court has simply made, and will continue to make, an erroneous decision. That being true, the writ of prohibition was properly denied by the circuit court, although, as we have heretofore shown, the denial was based on improper grounds.

Though, for the reason given, the judgment of the circuit court must be affirmed, we take it for granted that it will be the pleasure of the defendant to be guided in all future prosecutions by the law as herein declared.

Judgment affirmed.