## Hieatt, Judge, et al. v. Settle, et al.

(Decided June 5, 1917.)

### Appeal from Franklin Circuit Court.

1. Highways—Appeal and Error—Injunction.—In a civil action brought by certain citizens of a county seeking to enjoin the county judge from trying them, and the county attorney, and overseer of a public road, from prosecuting them, for failing to work such road, the fact that the statutory penalty for such failure, should conviction result, would be a fine less in amount than would permit an appeal to the circuit court, or from that court to the Court of

Appeals, did not authorize the granting, by the circuit court, of the injunction prayed.

2. Injunction—Criminal Proceeding.—An injunction will not lie to restrain a criminal prosecution except where property rights are involved and it is made to appear that a multiplicity of suits and irreparable injury will follow, unless the prosecution is enjoined. Nor will the fact that the validity or construction of a statute is involved, of itself, authorize the granting of an injunction.

3. Appeal and Error—Injunction.—An appeal from the judgment of a circuit court granting an injunction, if no judgment for money or personal property be sought, and the only relief sought is afforded by the injunction granted, may be taken to the Court of Appeals.

W. C. MARSHALL for appellants.

SCOTT & HAMILTON for appellees.

OPINION OF THE COURT BY CHIEF JUSTICE SETTLE— Reversing.

This is an appeal from a judgment of the Franklin Circuit Court enjoining the appellants, county judge and county attorney of Franklin county, and an overseer of a public road of that county, from proceeding with the prosecution of appellees under warrants, pending and threatened, for failing to work a public road, the penalty for which, if conviction should result, cannot exceed a fine of $2.50 for each offense; the action being one in equity brought by appellees to obtain the injunction granted.

Appellees' right to the relief sought is rested by the petition upon the theory that the provisions of the road law enacted by the General Assembly in 1914 give the county court or fiscal court of Franklin county the right to elect whether the public roads of the county shall be maintained by taxation or by the labor of the male citizens of the county between the designated ages and possessing the qualifications prescribed by the statute, but deny it the right to maintain the roads both by taxation and the labor of the citizens of the county. That such election was never made, nor an order entered by the county court dividing the county into road districts, fixing the boundaries thereof or allotting hands to such boundaries, and that the county and fiscal courts are illegally attempting to maintain certain of the roads of the county by the labor of its male citizens and certain others by taxation. It is also alleged in the petition that the appellant, W. F. Smither, as overseer of the Leach county

road by appointment of the Franklin county court, notified appellees and others to work that road on a designatec day and upon their failure to do so illegally caused warrants to be issued by the appellant, R. C. Hieatt, county judge, for their arrest; under which warrants they are to be tried before that officer and prosecuted by the appellant, W. C. Marshall, as county attorney; that appellees are also threatened by Smither with arrest under other like warrants and with trials and punishment thereunder if they persist in refusing to work the Leach county road as and when notified by him to do so; that the punishment fixed by the statute for failure to work a public road when notified by the overseer to do so is a fine of $2.50 for each offense, which amount is not sufficient to authorize an appeal by the person convicted to the circuit court or Court of Appeals; and that appellees have no other adequate remedy and will suffer irreparable injury and loss unless granted an injunction to restrain appellants from proceeding with the prosecutions under the warrants already issued and pending against them, and from issuing other warrants for their arrest and trial.

The answer of the appellants traversed the averments of the petition, alleged the right of the county court to maintain its roads both by taxation and the working thereof by its male residents; and further, that after the passage of the act of 1914, it was unnecessary for the county court to make the election referred to in the petition or to enter an order dividing the county into road districts or allot hands in such district, because the districts had, by order of that court, previously been properly made and hands allotted to each, in conformity to the requirements of the act. On the hearing the circuit court sustained a demurrer to appellants' answer and granted the injunction prayed by appellees. Appellants' dissatisfaction with the judgment led to this appeal.

Section 950, Kentucky Statutes, which governs appeals to this court, provides as follows:

"No appeal shall be taken to the Court of Appeals from a judgment for recovery of money or personal property if the value in controversy be less than $200.00, exclusive of interest and cost; nor to reverse a judgment granting a divorce or punishing for contempt; nor from any order or judgment of a county court except in actions for the division of land and allotment of dower; nor

from any order or judgment of a quarterly, police, fiscal or justice's court; nor from a bond having the force of a judgment. In all other civil cases the Court of Appeals shall have appellate jurisdiction over the final orders and judgments of all courts."

Section 343, Criminal Code, gives the Court of Appeals appellate jurisdiction in penal actions and criminal prosecutions for misdemeanors in the following cases only, viz: if the judgment "be for a fine exceeding $50.00 or for imprisonment exceeding thirty days; or, if the judgment be for the defendant, in cases in which a fine exceeding $50.00 or confinement exceeding thirty days might have been inflicted." This is a civil action, but no recovery of money or property of value was sought. The only relief prayed was an injunction.

In Thompson Whiskey Co. v. Commonwealth, 157 Ky. 393, we said of section 950 Kentucky Statutes:

"In cases where the only purpose sought is an injunction, this court has jurisdiction. In the case of Ex Parte Herrick, 78 Ky. 34, this court said, 'No judgment for money or personal property being sought, and there being no provision of the statute forbidding the appeal it follows that it should be entertained.' . . . It will be noticed that section 950 of the statutes which authorizes appeals is negative in its form. Primarily, it does not grant appeals; on the contrary, it prohibits appeals in certain specified cases and allows them in all other cases. It is upon this idea that this court entertains appeals in cases where the only remedy sought or obtained is an injunction. Shackelford, Clerk, v. Phillips, 112 Ky. 563. The statute does not prohibit an appeal in a case of that character. It does, however, specifically say that no appeal shall be taken to this court from a judgment for money where the amount in controversy is less than $200.00, exclusive of interest and cost."

Willis v. Thornton, 25 R. 1521.

As the only purpose sought in the case before us was an injunction, and no question as to the recovery of money or property is even incidentally involved, it is clear from the authorities, *supra,* that this court has jurisdiction of the appeal. It is patent, however, that the Franklin circuit court was without authority to grant the injunction issued in behalf of appellees. In the very recent case of Cohen v. Webb, 175 Ky. 1, in passing upon the precise question here presented, we said:

"The next question is whether either an injunction or a writ of prohibition will lie under the facts here presented.

"It is the settled doctrine in this state that criminal prosecutions cannot be enjoined unless property rights are involved and it is necessary for a court of equity to interfere in order to prevent a multiplicity of suits and consequent irreparable injury. Sweigart v. C. & O. Ry. Co., 161 Ky. 463, 170 S. W. 1194; Shinkle v. City of Covington, 83 Ky. 420, 7 R. 412; Ludlow & Cincinnati Coal Co. v. City of Ludlow, 102 Ky. 354, 43 S. W. 435; Evans v. Cook, 33 R. 788, 111 S. W. 326. Here the defendant, as judge of the police court of Hellier, has jurisdiction of the plaintiff and of the offense, and, no property rights being involved, it follows that an injunction will not lie.

"It will be observed that this is not an original application to this court for a writ under section 110 of the constitution, conferring power 'To issue such writs as may be necessary to give it a general control of inferior jurisdictions.' The application was made in the first instance to the circuit court. The writ of prohibition is an order of the circuit court to an inferior court of limited jurisdiction, prohibiting it from proceeding in a matter out of its jurisdiction. Civil Code, section 479. Construing this provision, it has been frequently held that a circuit court cannot issue a writ of prohibition to prevent an inferior court from making an erroneous decision, or enforce an erroneous judgment or order; it can be granted only to prohibit the inferior court from proceeding in a matter out of its jurisdiction. Hughes v. Holbrook, 32 R. 1210, 108 S. W. 225; Bank Lick Turnpike Co. v. Phelps, 81 Ky. 613, 5 R. 713; Arnold, et al. v. Shields, 5 Dana 18, 30 Am. Dec. 669; Coe v. Standiford, 11 B. Mon. 196. There is no complaint in this case that defendant is proceeding out of his jurisdiction. Stripped of all surplusage, the writ is asked on the ground that the police court has erred in its instructions to the jury and will continue to make the same error in other pending or threatened prosecutions. In other words, the case is one where the inferior court has simply made, and will continue to make, an erroneous decision. That being true, the writ of prohibition was properly denied by the circuit court, although, as we have heretofore shown, the denial was based on improper grounds."

It will be observed from what has been said of the facts of this case that the prosecutions against appellees for their failure to work the Leach county road had not reached a trial in the county court when the injunction was applied for or granted. Indeed, the petition admits that they had not even been subjected to arrest for the alleged offense. Its allegations go no further than to charge the issuance by the appellant, county judge, of the warrants against them at the instance of the overseer, and that they would be arrested and tried under the warrants and others unissued with which they were threatened by the overseer, unless granted the injunction prayed in the petition. The petition also admits the very patent fact that the statute confers upon the county court jurisdiction of the offense charged in the unexecuted warrants, if it was committed by appellees; but their contention is that neither the county nor fiscal courts of Franklin county nor the road overseer had any right to require them to work upon the road in question, and that in so doing they failed to observe the provisions of the road law, which facts authorized the granting of the injunction. This contention ignores the fact that whatever defense the statute affords appellees could be made by them on a trial under the warrants pending against them; that if the language of the road statute demands the construction asserted for it by appellees, that could have been made to appear in the county court, but did not confer on the circuit court authority to grant the injunction from the mere anticipation or expectation of appellees, and the belief of that court, that the county judge would convict appellees of the offense charged in the unexecuted warrants. We have repeatedly held that the fact that the validity or construction of a statute is involved will not of itself give jurisdiction for the granting of an injunction. C., N. O. & T. P. Ry. Co. v. Laurence, 125 Ky. 699; Hill Top Laundry Co. v. Commonwealth, 138 Ky. 758; American Car & Foundry Co. v. James, &c., 139 Ky. 167; Thompson Whiskey Co. v. Commonwealth, 157 Ky. 393. Nor will the fact that the fines to which appellees may be subject, if found guilty, amount to a sum less than will permit an appeal, give such jurisdiction. Commonwealth by Barth, &c., v. McCann, Judge, 123 Ky. 247.

Manifestly, there is nothing in the facts of this case that will take it out of the rule announced in Cohen v. Webb, *supra,* and the other cases therein cited, viz.: that

a criminal prosecution cannot be enjoined "unless property rights are involved and it is necessary for the court of equity to interfere in order to prevent a multiplicity of suits and consequent irreparable injury." As the appellant, Hieatt, as judge of the Franklin county court, has jurisdiction of the persons of appellees and of the offense with which they claim the warrants charge them, and no property rights are involved, it necessarily follows that an injunction will not lie to prevent their trials before the county court under the pending warrants.

This conclusion renders unnecessary, and, indeed, improper consideration of the questions attempted to be raised by appellees upon the face of the statute respecting the road law of the state and the powers of the county and fiscal courts, thereunder.

For the reasons indicated the judgment is reversed and cause remanded with direction to the circuit court to dissolve the injunction and dismiss the petition. The whole court sitting.