## Johnson, et al. v. Tartar, County Judge, et al.

(Decided May 4, 1923.)

### Appeal from Pulaski Circuit Court.

1. Injunction—Not Issued to Restrain Criminal Prosecution for Refusal of Road Hands to Work.—Under the settled rule that criminal prosecutions cannot be enjoined unless property rights are involved, and it is necessary to prevent a multiplicity of suits, threatened prosecutions for failure of road hands to report for

working the roads as they had been warned to do cannot be enjoined, even though the validity of the statute was assailed and the prescribed fine was not such as to authorize an appeal.

2. Injunction—Contentions of Plaintiffs Held not to Give Jurisdiction to Enjoin Criminal Prosecution of Road Hands.—The fact that a petition to enjoin criminal prosecutions against road hands for failure to work the roads when warned to do so attacked not only the constitutionality of the statute permitting the roads to be worked in that manner, but also alleged that requirement of work would subject the hands to double taxation, since they were already taxed for roadwork, and their time was valuable, and that the requirement of work subjected them to involuntary servitude and deprived them of their property without due process of law, cannot give equity jurisdiction to enjoin the prosecution.

DENTON & PERKINS for appellants.

C. L. TARTAR for appellees.

OPINION OF THE COURT BY JUDGE THOMAS—Affirming.

The fiscal court of Pulaski county duly and regularly ordered the working of the public roads of the county by the warning in of hands as is provided by section 4356o of the 1922 edition of the Kentucky Statutes. Prior to the entry of the order the county judge divided the county roads into road precincts, as is authorized by section 4356p of the same statutes, and had appointed one Lewis the overseer on section number 1 of the Beattie Salt Works road in the county. He duly warned the hands in his precinct eligible for road working and they refused to respond, when he made complaint to the defendant and appellee below, R. C. Tartar, county judge of the county, and the latter issued, or was about to issue, warrants to try the disobedient hands when plaintiffs and appellants, who are some of them, filed this equity action in the Pulaski circuit court against the members of the fiscal court and the overseer in which it was alleged that the order of the fiscal court directing the working of hands on the public roads of the county was irregularly and illegally made, and that the steps taken by the court to carry out the provisions of the statute were illegal and void. Various allegations were also made attacking the constitutionality of the statute permitting the roads to be worked in that manner, wherein it was alleged that the county had voted a large bonded indebtedness for road purposes and had elected a county road engineer and had taken all steps necessary to work the

roads by taxation and because thereof it had no right to also work the roads with warned hands; that to do so would subject plaintiffs to double taxation, since the time consumed in working the roads was valuable and is an additional imposition to the road taxes paid by them; that to require them to work the road was a violation of the constitutional provisions against "involuntary servitude," and was in effect a taking of their property without due process of law. The court sustained the demurrer filed by defendants to all of the petition except that portion in which it was averred that the fiscal court had not legally made the order requiring the working of the roads with warned in hands. He heard evidence upon that allegation and found that the order was duly and regularly made and with which finding we fully agree.

If the case was one of which the circuit court as an equity tribunal had jurisdiction we would have no trouble in concluding that the contentions concerning the unconstitutionality and invalidity of the statute were each and all without merit. It was practically so held by this court in the cases of Russell County v. Hill, etc., 164 Ky. 360, and Hieatt, Judge, et al. v. Settle, et al., 176 Ky. 160. Additional reasons to those contained in the two opinions referred to might easily be given supporting the validity of the statute if the questions were presented in such manner and form as to confer on us jurisdiction to determine them.

The Hieatt case was one substantially analogous in its facts and in the relief sought to this one, and it was therein held that equity had no jurisdiction nor would it entertain a petition to enjoin the county judge, the county attorney or other person charged with the duty to enforce the working of the roads by the warned in hands from prosecuting them for failing to do so, and that the jurisdiction would be denied although the validity or the construction of a statute was involved. The opinion, quoting from and following the case of Cohen v. Webb, 175 Ky. 1, said: "It is the settled doctrine in this state that criminal prosecutions cannot be enjoined unless property rights are involved and it is necessary for a court of equity to interfere in order to prevent a multiplicity of suits and consequent irreparable injury. Zweigart v. C. & O. Ry. Co., 161 Ky. 463, 170 S. W. 1194; Shinkle v. City of Covington, 83 Ky. 420, 7 R. 412; Ludlow and Cincinnati Coal Co. v. City of Ludlow, 102 Ky.

354, 43 S. W. 435; Evans v. Cook, 33 R. 788, 111 S. W. 326.   Here the defendant, as judge of the police court of Hellier, has jurisdiction of the plaintiff and of the offense, and, no property rights being involved, it follows that an injunction will not lie.''

The county judge had jurisdiction to try plaintiffs for the offense of ignoring the warning by the overseer, and the fact that the prescribed fine is not such as to authorize an appeal will not give equity jurisdiction to enjoin the prosecution, unless, as held in that opinion and others referred to therein, there is the additional involvement of property rights plus the necessity of preventing a multiplicity of suits.   No such additional elements are found in this case and we regard it as on all fours with the Hieatt case, which followed a long line of prior opinions of this court.

But it may be insisted that the contentions made in the petition, which we have hereinbefore recited, are sufficient to raise the question of property rights and to differentiate this from the Hieatt case, but we do not so construe the pleading.   Those contentions are but additional reasons to those made in the latter case supporting the supposed invalidity of the act.   The county judge who is sought to be enjoined from trying the prosecutions had complete jurisdiction of the offenses against plaintiffs and having such jurisdiction he had the authority to pass upon the constitutionality of the statute and to determine all questions affecting its validity.   The mere fact that a greater or additional number of reasons are relied on in support of the contention made in this case than was done in the Hieatt case can not affect the question of jurisdiction either of the county judge to try the case or of equity to enjoin him from doing so.

Whether we would take jurisdiction under an original proceeding filed in this court for the purpose, pursuant to the provisions of section 110 of the Constitution, as is intimated might be done in the Cohen and Hieatt cases, we need not determine, since this is not such a proceeding but one brought originally in the circuit court and is here on appeal from its judgment, and concerning which we have only appellate jurisdiction.

Whatever may have been the grounds upon which the circuit court dismissed the petition, an all sufficient one was that it had no jurisdiction of the cause, and since that judgment was the only one which could have been rendered it results that it should be and is affirmed.