## Pelfry, et al. v. Spencer, et al.

(Decided September 30, 1924.)

## Appeal from Breathitt Circuit Court.

1. Injunction—Not Granted to Restrain Criminal Prosecution, No Property Rights Being Involved.—Citizens who have been warned to work public road, and against whom warrants have been issued for failure to do so, cannot enjoin proceeding with prosecution under warrants on ground that road had never been properly established; no property rights being involved.

2. Injunction—Probability that Judge would Render Erroneous Decision Does Not Authorize Injunction Against Proceeding with Prosecution.—Probability that judge of county court would render erroneous decision would not authorize circuit court to enjoin him from proceeding with prosecution under warrants for failing to work public road.

KASH C. WILLIAMS for appellants.

E. C. HYDEN for appellees.

OPINION OF THE COURT BY JUDGE CLAY—Reversing.

This is an appeal from a judgment of the Breathitt circuit court enjoining Boone Pelfry, a road overseer, and J. L. Little, county judge, from proceeding with the prosecution of appellees under warrants pending and threatened for failing to work a public road.

The right to the relief sought is based on the claim that the road which appellees had been warned to work had never been properly established and was not a public road; that Pelfry, the overseer of the road, had procured from the county judge warrants charging them with failure to work the road; that on the day the petition was filed said warrants were set for trial in the county court and that unless enjoined and restrained from so doing the road overseer would appear and prosecute said cases, and the county judge would try "and in all probability" find appellees guilty of the charge set out in the warrants and punish them by fine and costs; that the fine for such an offense is only $2.50 and costs; that unless appellants were enjoined and restrained from so doing they would proceed to issue other warrants against the appellees from time to time, and try, convict and punish them on said charges, and that great and irreparable damage would thereby result; that no appeal would lie from a judgment of conviction, and that appellants had no ade-

quate remedy at law; that the acts complained of, which were actual and threatened, were trespasses against their rights; that notwithstanding the fact that said judgment when rendered would be contrary to law and justice, and a violation of their rights, and would constitute illegal oppression, they had no way of avoiding same, or of obtaining any relief except by injunction. Appellants having declined to plead further after their demurrer to the petition had been overruled, the relief prayed for was granted.

In the recent case of Cohen v. Webb, 175 Ky. 1, 192 S. W. 828, we had occasion to consider certain phases of the question presented and to lay down the following rules:

"The next question is whether either an injunction or a writ of prohibition will lie under the facts here presented. It is the settled doctrine in this state that criminal prosecutions cannot be enjoined unless property rights are involved, and it is necessary for a court of equity to interfere in order to prevent a multiplicity of suits and consequent irreparable injury. Zweigart v. C. & O. Ry. Co., 161 Ky. 463, 170 S. W. 1194; Shinkle v. City of Covington, 83 Ky. 420, 7 Ky. Law Rep. 412; Ludlow & Cincinnati Coal Co. v. City of Ludlow, 102 Ky. 354, 43 S. W. 435 (19 Ky. Law Rep. 1381); Evans v. Cook, 111 S. W. 326, 33 Ky. Law Rep. 788. Here the defendant, as judge of the police court of Hellier, has jurisdiction of the plaintiff and of the offense, and, no property rights being involved, it follows that an injunction will not lie.

"It will be observed that this is not an original application to this court for a writ under section 110 of the Constitution, conferring power 'to issue such writs as may be necessary to give it a general control of inferior jurisdictions.' The application was made in the first instance to the circuit court. The writ of prohibition is an order of the circuit court to an inferior court of limited jurisdiction, prohibiting it from proceeding in a matter out of its jurisdiction. Civil Code, section 479. Construing this provision, it has been frequently held that a circuit court cannot issue a writ of prohibition to prevent an inferior court from making an erroneous decision, or enforce an erroneous judgment or order; it can be granted only to prohibit the inferior court from proceeding in a matter out of its jurisdiction. Hughes v. Holbrook,

108 S. W. 225, 32 Ky. L. R. 1210; Bank Lick Turnpike Co. v. Phelps, 81 Ky. 613, 5 Ky. Law Rep. 713; Arnold, et al. v. Shields, 5 Dana 18, 30 Am. Dec. 669; Coe v. Standiford, 11 B. Mon. 196. There is no complaint in this case that defendant is proceeding out of its jurisdiction. Stripped of all surplusage, the writ is asked on the ground that the police court has erred in its instruction to the jury, and will continue to make the same error in other pending or threatened prosecutions. In other words, the case is one where the inferior court has simply made, and will continue to make, an erroneous decision. That being true, the writ of prohibition was properly denied by the circuit court, although as we have heretofore shown, the denial was based on improper grounds.''

In the more recent case of Hieatt, Judge, et al. v. Settle, et al., 176 Ky. 160, 195 S. W. 420, the facts were practically the same as those here involved   There, certain citizens who had been warned to work a public road, and against whom warrants of arrest had been issued for their failure to do so, sought an injunction restraining the county judge and road overseer from proceeding with the prosecution under the warrants already issued and pending against them, and from other warrants for their arrest on the ground that the county and fiscal courts were illegally attempting to maintain certain of the roads of the county by the labor of its male citizens, and certain others by taxation. In holding that an injunction would not lie the court said:

''It will be observed from what has been said of the facts of this case and the prosecutions against appellees for their failure to work the Leach county road had not reached a trial in the county court when the injunction was applied for or granted. Indeed, the petition admits that they had not even been subjected to arrest for the alleged offense. Its allegations go no further than to charge the issuance by the appellant, county judge, of the warrants against them at the instance of the overseer, and that they would be arrested and tried under the warrants and others unissued with which they were threatened by the overseer, unless granted the injunction prayed in the petition. The petition also admits a very patent fact that the statute confers upon the county court jurisdiction of the offense charged in the unex-

ecuted warrants, if it was committed by appellees; but their contention is that neither the county nor fiscal courts of Franklin county nor the road overseer had any right to require them to work upon the road in question, and that in so doing they failed to observe the provisions of the road law, which facts authorized the granting of the injunction. This contention ignores the fact that whatever defense the statute affords appellees could be made by them on a trial under the warrants pending against them; that if the language of the road statute demands the construction asserted for it by appellees, that could have been made to appear in the county court, but did not confer on the circuit court authority to grant the injunction from the mere anticipation or expectation of appellees, and the belief of that court, that the county judge would convict appellees of the offense charged in the unexecuted warrants.

"(4). We have repeatedly held that the fact that the validity or construction of a statute is involved will not of itself give jurisdiction, for the granting of an injunction. C., N. O. & T. P. Ry. Co. v. Lawrence, 102 S. W. 298, 31 Ky. Law Rep. 429; Hill Top Laundry Co. v. Commonwealth, 138 Ky. 758, 129 S. W. 99; American Car & Foundry Co. v. James, etc., 139 Ky. 167, 129 S. W. 564; Thompson Whiskey Co. v. Commonwealth, 157 Ky. 393, 163 S. W. 201.

"(5) Nor will the fact that the fines to which appellees may be subject, if found guilty, amount to a sum less than will permit an appeal give such jurisdiction. Commonwealth, By Barth, etc. v. McCann, Judge, 123 Ky. 247, 94 S. W. 645, 29 Ky. Law Rep. 707.

"Manifestly, there is nothing in the facts of this case that will take it out of the rule announced in Cohen v. Webb, *supra,* and the other cases therein cited, viz., that a criminal prosecution cannot be enjoined 'unless property rights are involved, and it is necessary for a court of equity to interfere in order to prevent a multiplicity of suits and consequent irreparable injury.' As the appellant, Hieatt, as judge of the Franklin county court, has jurisdiction of the persons of appellees and of the offense with which they claim the warrants charge them, and no property rights are involved, it necessarily follows

that an injunction will not lie to prevent their trials before the county court under the pending warrants.''

In the case at bar no property rights were involved. The county court had jurisdiction of the offense and of the parties to the prosecution. Whether the road was a public one was a question which the county court had the power to decide. Only one prosecution was pending, and the case had not been decided. Clearly, the possibility, or even probability, that the judge of the county court would render an erroneous decision would not authorize the Breathitt circuit court to enjoin him from proceeding within his jurisdiction. It follows that the demurrer to the petition should have been sustained.

Judgment reversed and cause remanded for proceedings consistent with this opinion.