## Stephens v. McCreary County.

(Decided March 22, 1935.)

G. W. STEPHENS for appellant.

JAMES A. INMAN for appellee.

OPINION OF THE COURT BY JUDGE RICHARDSON—Affirming.

This action is to recover damages for trespass to real property, to enjoin the county and its agents from interfering with the owner's enjoyment of it, and to enjoin the county officials from prosecuting a criminal proceeding against the owner.

The facts are: G. W. Stephens owns 24 lots containing something over an acre in Whitley City, an unincorporated town. The lots are situated on a public road known as Williamsburg street, about 700 feet from "U. S. Highway No. 27." Stephens' residence, on the lots, was erected in 1932. The highway fronting it existed long prior to its erection. In front of his residence there was a rise or an elevation across the highway, which caused the rainfall to drain east and west. The old road was constructed with drains on both sides, fronting Stephens' property, except at the rise or elevation. In January, 1933, the road was reconstructed, widened, and the drains reconstructed. The elevation extending from Stephens' property across the old highway was leveled and the drain made in front of his property so as to carry the water by his property, instead of draining it in opposite directions as it did before the elevation in front of his property was removed by the leveling of the road. The drain when completed passed between the gate to his yard and the highway. The warrant of arrest which was issued against him charged that he had filled with rocks the drain in front of the gate to his yard. He had constructed and used a bridge for travel from the highway to his premises. In reconstructing the highway, in the removing the elevation which crossed the road in front of his property, and in the construction of the drain on the side of the road next to his property, the county did not enter upon his lots. It is not charged nor proven that the county had encroached upon his lots in any manner or to any extent. The only damages alleged and attempted to be proven are remotely consequential.

It is a settled doctrine that a criminal prosecution cannot be enjoined unless property rights are involved and it is necessary for a court of equity to interfere in order to prevent a multiplicity of suits and consequent irreparable injury. Shinkle v. Covington, 83 Ky.

**518**

420; Zweigart v. C. & O. R. Co., 161 Ky. 563, 170 S. W. 1194; Ludlow, etc., v. Ludlow, 102 Ky. 354, 43 S. W. 435, 19 Ky. Law Rep. 1381; Evans v. Cook, 111 S. W. 326, 33 Ky. Law Rep. 788; Johnson v. Tartar, 199 Ky. 45, 250 S. W. 498.

Neither the allegation of his petition nor the evidence concerning the prosecution against him brings his right to equitable relief on account thereof within this rule. As to the damages claimed to have been sustained by the construction of the road, a review and a careful, diligent consideration of the evidence for ourselves, bearing on this issue, convinces us it fully sustains the judgment of the chancellor.

Wherefore, the judgment is affirmed.