KENNY v. MARTIN et al., Police Commissioners.

(Superior Court of New York City, Special Term.　March 30, 1895.)

INJUNCTION—AGAINST ARREST ON CRIMINAL CHARGE.

> An injunction will not be granted against the threatened arrest of plaintiff on the ground that keeping open his billiard saloon on Sunday is a violation of the Sunday law, as plaintiff has an adequate remedy at law.

Action by Robert Kenny in behalf of himself and others similarly situated against James J. Martin and others, police commissioners of the city of New York.　Plaintiff moves for a new injunction. Denied.

Wahle & Stone, for plaintiff.

F. M. Scott and D. J. Dean, for defendants.

McADAM, J.　The complaint and affidavits show that the plaintiff herein owns and carries on a billiard saloon, in which billiards are played by any persons resorting thereto, the public being invited and afforded facilities for playing billiards at the plaintiff's establishment upon the payment of the hire or fee for the use of the paraphernalia of the game; that the plaintiff has kept his billiard room open on Sunday, and has heretofore twice been arrested for the alleged violation of section 265 of the Penal Code, which forbids sports on Sunday; that in both cases the plaintiff has been discharged on habeas corpus; that the defendants, the police commissioners, and their superintendent of police, threaten and intend to continue to arrest the plaintiff if he continues to allow billiard and pool playing in his billiard saloon on Sunday; that because of said threats plaintiff has been injured in his business to the amount of $500.　The plaintiff therefore asks judgment against the defendants in the sum of $500, and that the defendants be restrained from interfering with the conduct, management, and opening by the plaintiff and those similarly situated of a hall, place, or premises to which parties or persons may come and play pool or billiards, on paying to the plaintiff, or to others similarly situated, the rental for tables and other paraphernalia of the game.

If the complaint sets forth a cause of action, it is one for which there is an adequate remedy at law.　It has been settled by a number of adjudications that an injunction will not be issued for the purpose of restraining police officers from making arrests in the execution of the criminal law; that the court will leave the officers to act, under peril of damages or punishment if they overstep the authority with which the law has invested them.　Fincke v. Commissioners, 66 How. Pr. 327; Burch v. Cavanaugh, 12 Abb. Pr. N. S. 414; Davis v. Society, 75 N. Y. 362; Murphy v. Board 11 Abb. N. C. 337.　See, also, People v. Moses, 140 N. Y. 214, 35 N. E. 499; Kramer v. Board, 53 N. Y. Super. Ct. 492;　Cercle Francais de l'Harmonie v. Board, 19 Abb. N. C. 32.　The police are especially charged with the duty of preventing infractions of the law on all days of the week.　It is for them to decide who are guilty of offenses, and whether to apprehend the offenders, and take them before the proper police magistrate, to the

end that he may determine, after hearing all the proofs adduced, if in the particular case there has been a violation or not. For a court to interpose by injunction restraining the police from interfering would be to decide in advance that certain acts done upon the Sabbath would not operate as violations of law, when the manner of doing them in a particular instance might clearly establish an infraction. It would prevent the police from exercising that surveillance which their duties call for, and might defeat rather than aid the ends of justice. If the manner of conducting plaintiff's business on the Sabbath does not violate the criminal law, and the police wrongfully interfere, a writ of habeas corpus, always at hand, and an action for damages, furnish a complete remedy. To play billiards on the Sabbath in the privacy of one's own house is one thing; to keep open an establishment to which any person paying the fee may gain admittance certainly gives it the character of a public place, within the meaning of that term. See People v. Bixby, 67 Barb. 221. The interference complained of seems to be directed to these places of public resort, and it may be a very serious question whether the defendants are obliged to leave them unrestrained. At all events, each particular charge must rest on its own peculiar merits, and a proper disposition can only be made as each case arises. To grant the relief prayed for here might open to the public every house in the city for the playing of billiards, and take away from the police all opportunity for supervision. This might have a tendency which a court of equity would not want to sanction, and might lead to acts which upon proper investigation it would have to condemn. Another objection to the application is that it is asking the court to grant in advance of a trial substantially all the relief the plaintiff can obtain by final judgment. Motion for injunction denied.