(30 Misc. Rep. 340.)

### CAMPBELL v. YORK et al., Police Commissioners.

(Supreme Court, Special Term, New York County. January, 1900.)

INJUNCTION—POLICE INTERFERENCE.

> Greater New York Charter, § 1472, provides that it shall be unlawful to exhibit any music in public in certain places without a license, and section 1473 authorizes the police department to grant such licenses. *Held,* that the police commissioners would not be restrained from interfering with petitioner's having instrumental music on his premises on an application not specifying of what the music consisted, or the circumstances under which it was played, in order to show the right to such music without obtaining the license provided by the charter.

Application for an injunction pendente lite by Francis J. Campbell against Bernard J. York and others, as police commissioners, to restrain defendants from interfering with applicant's right to have instrumental music played on his premises. Denied.

P. A. Hargous, for plaintiff. ,

John Whalen, Corp. Counsel, for defendants.

ANDREWS, J. This is an application for an injunction pendente lite. The order to show cause upon which this motion was heard requires the defendants to show cause "why an injunction during the pendency of this action should not be issued restraining the said defendants, the police commissioners, or the said William S. Devery, chief of police, or the said Henry Steinkamp, or all or any of them, and their agents, employés, or servants, and the members of the police force of the city of New York, from interfering with the right of the plaintiff to have instrumental music played on the premises No. 315 West Fifty-Ninth street, in the borough of Manhattan, city of New York, during the lawful hours of the day, and restraining said defendants from issuing any orders to any person or persons whomsoever to interfere with the said rights of the plaintiff, or to arrest him or any of his employés or servants, from having instrumental music played on said premises during lawful hours as aforesaid during the pendency of this action." The learned counsel for the plaintiff concedes that this court will not grant an injunction restraining the defendants from arresting the plaintiff, his employés or servants; and, in view of the numerous decisions to the effect that a court of equity will not grant an injunction of that character, such concession was necessarily and properly made. It is admitted that the plaintiff's place in Fifty-Ninth street was built for a theater and concert hall; but, no license having been obtained to use it as such, that it is conducted as a restaurant, café, and saloon, and it appears that the plaintiff has procured a license from the special deputy commissioner of excise for the county of New York for the sale of liquor upon said premises. Section 1472 of the Greater New York charter is as follows:

> "It shall not be lawful to exhibit to the public in any building, garden or grounds, concert room or other place or room within the city of New York, any interlude, tragedy, comedy, opera, ballet, play, farce, minstrelsy or dancing, or any other entertainment of the stage, or any part or parts therein, or any

equestrian, circus or dramatic performance, or any performance of jugglers, or rope dancing, or acrobats, until a license for the place of such exhibition for such purpose shall have been first had and obtained, as hereinafter provided."

Section 1473 of said charter provides, among other things, as follows:.

"The police department is hereby authorized and·empowered to grant such license."

The plaintiff applied to the police department to grant him a license pursuant to the provisions of the charter above quoted, but such application was refused, and he now claims that he has a right to have instrumental music played in said premises without such license, and asks that the defendants be restrained from "interfering" with his right to have instrumental music so played. The papers submitted on behalf of plaintiff contain no information whatever as to what such instrumental music is to consist of, nor as to the circumstances under which it is to be. played; and it is, therefore, impossible for me to determine in advance whether the playing of such instrumental music without such license would be a violation of the statute in question. The playing of instrumental music, under some circumstances, might not fall within the prohibition of the statute, but, under other circumstances, might be allowed. This court, however, is not called upon, on an application of this character, to interpret the statute, and decide in advance what is prohibited thereby and what is permitted. Moreover, there is a more serious objection still to the granting of this application. The plaintiff's counsel concedes, as above stated, that the court will not enjoin the defendants from arresting him, his servants and employés, for doing what the defendants may regard as a violation of the statute, but he asks the court to enjoin the defendants from "interfering" with him, his servants and employés. He does not, however, in any manner specify or define what he means by restraining the defendants from "interfering" with him or his servants and employés, and the court is left to conjecture what is intended thereby. It is hardly the duty of the court to attempt to conjecture what is meant by the term "interfering," but I can only imagine that what the plaintiff means is that the police may enter his premises, and endeavor, by threats of arrest, to induce the plaintiff or his employés to desist from playing instrumental music, or that the police may enter his premises, and with force and violence stop such playing without actually making arrests; and, if either of these things be meant, then this is not a case calling for the interference of a court of equity. If the playing of instrumental music, as the plaintiff proposes to have it conducted upon his premises, shall be a lawful act, then, upon the first supposition, his remedy would be to apply to a city magistrate to have 'the police put under bonds to keep the peace; and, in the other event, to charge the police with unlawful assault, and apply for warrants for their arrest. It follows that, whatever view is taken of the relief sought by this motion, whether it be to prevent defendants from making arrests, or from seeking to intimidate plaintiff and his employés, or from commit·

ting assaults upon them while they are engaged in lawful acts, the case presented is not one in which a court of equity will interfere.

Motion denied, with $10 costs.