# Queen City Stock & Grain Co. *et al.* v. Cunningham *et al.*

1. *Injunction; bill to restrain police surveillance; dissolution on denials of answer.*—The owners of a saloon and stock exchange, occupying, respectively, the first and second floors of a three-story building in a city, filed a bill against the chief of police and another police officer of said city, in which it was averred that the chief of police stationed the other police officer at a place on a street of the city which commanded a view of the side entrance to the saloon and of a stairway leading to the second floor, where there was a stock exchange or bucket shop, and directed said officer to take down the names of persons entering the saloon by the side door or ascending the stairs to the bucket shop; that said officer obeyed these instructions, and thereby irreparably injured the saloon and bucket shop business of complainants, and by his continuing to do so, intending patrons of each of said businesses were deterred from patronizing each of them, which resulted in loss of business, and the profits arising therefrom, to each complainant. The prayer of the bill was for an injunction to restrain and prevent the police surveillance complained of. In their sworn answer the defendants admitted the stationing of the officer at the place designated, but denied that it was for the purpose of taking down the names of persons entering the saloon or ascending to the bucket shop, and averred that it was for the purpose of getting the names of and identifying persons who ascended by said stairway and another near by into the rooms on the third floor of said building, which it was believed by the police authorities, were occupied and kept for gambling purposes; and that said officer did not seek to identify and did not take down the names of persons who entered the saloon or went up to the bucket shop. It was further averred that the said officer did not take his station until after nightfall, and after the bucket shop was closed for the day and the lights therein were extinguished, and when only persons going up to the third floor ascended said stair. *Held*: That on the denials of the answer, the preliminary injunction, issued on the filing of the bill, was properly dissolved on motion.

[Queen City Stock & Grain Co. *et al.* v. Cunningham *et al.*]

APPEAL from the Chancery Court of Jefferson.

Heard before the Hon. JOHN C. CARMICHAEL.

The bill in this case was filed by the Queen City Stock & Grain Company and the T. G. Hewlett Liquor Company against C. W. Austin, chief of police of the city of Birmingham, and Jos. H. Cunningham, one of the police officers of the said city of Birmingham. The purpose of the bill and the facts of the case necessary to an understanding of the decision on the present appeal are sufficiently stated in the opinion.

On the submission of the cause the chancellor rendered a decree dissolving the preliminary injunction, which was issued upon the filing of the bill. From this decree the complainants appeal, and assigns the rendition thereof as error.

BRADLEY & MORROW, for appellants.—The denials contained in the answer are all statements of mere general conclusions and are not such as would authorize the dissolution of the injunction.—*Witherow v. C. & W. R. Co.,* 82 Ala. 190.

The acts of the police officer were illegal and without authority of law. The facts contained in the answer do not show that a breach of the peace was then and there threatened, nor do they show that any statute or municipal ordinance was being violated. It is not a violation of the law to play at games of chance, except in a public place. The answer does not show that the third floor is a public place.—*Stoutenburgh v. Frazier,* 48 L. R. A. 222.

C. W. HICKMAN and E. N. HAMILL, *contra.*—The court below committed no errors in dissolving the injunction and in dismissing the appellants' bill for want of equity. *Weiss v. Herliby,* 49 N. Y. 81; *Williams v. N. Y. Cen. R. R. Co.,* 18 Barb. 222; Hilliard on Injunction, 413; 10 Am. & Eng. Ency. of Law, 783. A court of chancery will not interfere with an officer of the law in the discharge of his duties.—*Canal Com. v. Peris,* 53 N. E. Rep. 633, and cases cited.

McCLELLAN, C. J.—The pith of this bill is that Austin, as chief of police of Birmingham, stationed Cunningham, a police officer, at a place on a street of the city which commanded a view of the side door of Hewlett's saloon and of a stairway leading to the floor above where Hewlett carried on a "stock exchange," commonly known as a bucket shop, and directed him, said Cunningham, to take down the names of persons entering the saloon by that door or ascending to the bucket shop by the stair, and that Cunningham carried out these directions and thereby irreparably injured both the saloon and bucket shop business of the complainants, and was continuing so to do, so that intending patrons, by the back door, of the saloon and intending customers of the bucket shop were deterred from their purposes in this regard to the diminution of each of said businesses and consequent loss of profits to the complainants.   The sworn answer of Austin and Cunningham makes it clear, that while the latter was stationed at the place averred in the bill, it was not for the purpose of taking down the names of persons entering the saloon or ascending to the bucket shop, but only for the purpose of identifying and taking down the names when known to the officer of persons who ascended by that stair and another nearby into a room or rooms on the third floor of Hewlett's building which the police authorities had good cause to believe were unlawfully occupied and used for gambling purposes, that the officer was stationed at this place at 8 P. M. after the bucket shop was closed and all lights on the second floor had been extinguished and while those on the third floor were alight, and remained until midnight, during which interval only persons going to the third floor passed up the stairway, and that Cunningham had no instructions, and did not in fact seek to identify persons going into the saloon or up to the bucket shop, and did not at any time take down the names of such persons.   The relief sought is injunctive of the alleged espionage of Austin and Cunningham upon the patrons of the saloon and bucket shop.   A preliminary writ issued.   Respondents moved to dis-

solve the injunction on the grounds (1) that there was no equity in the bill, and (2) that the answer denied the material allegations in the bill. On the hearing of this motion the complainants filed *ex parte* affidavits intended to refute the denials of the answer. Whether this is a case proper for such affidavits on a motion to dissolve on the denials of the answer, we do not determine. Taking the affidavits into consideration, we do not find that they, when closely analyzed and the side-lights which they throw on the situation are given due weight, meet and overturn, or indeed materially weaken the denials of the answer. So that virtually the case stands upon bill and answer, and motion to dissolve the injunction on the two grounds stated above. We do not consider the first ground, viz., that the bill is without equity. The action of the court dissolving the injunction may well be justified on the second, the denials of the answer; and upon that ground we rest our concurrence with the chancellor. The officer had of course the right to be and remain where he was, in a public street. Indeed, the public at large had the right to be there in any number short of obstructing the thoroughfare. It may well have been that it was the officer's duty to be and remain there in the surveillance incident to his office. The answer, indeed, shows affirmatively that it was his duty and even the bill itself avers nothing to the contrary. The right of the officer was in no degree impeached by the fact that the position commanded a view of persons entering complainants' places of business, nor was his duty less clear by reason of the indisposition of complainants and their patrons for the latter to be seen going into or coming out of such places. On the denials of the answer the officer in no way interfered with or molested these patrons further than was, in their supersensitiveness, incident to their coming within the range of his vision. And the affidavits show nothing to the contrary. He did not take their names, he did not set down the names even of those he knew, he did not seek to identify them. It was only the supposed blight of his supposed evil or inimical eye as it casually fell upon them in the line

[Chamblee *et als.* v. Cole.]

of his official outlook for other persons, properly under his surveillance, that is in fact complained of and sought to be enjoined. It has been held that a police officer, in the exercise of his right and the performance of his duty of surveillance for the prevention or detection of reasonably apprehended crime or disorders, may station himself in the place of business of the citizen and remain there during business hours. —*Weiss v. Herliby*, 49 N. Y. Sup. 81; but however that may be, he certainly has a right and it is his duty to do what the answer shows Cunningham to have done. Upon the foregoing considerations, and without looking to the equity of the bill or the sufficiency of the denials of the answer as to the alleged injury to the complainants, we hold that the preliminary injunction was properly dissolved.

Affirmed.