ANDRIEUX ET AL., RESPONDENTS, *v.* CITY OF BUTTE ET AL.,
APPELLANTS.

(No. 3,055.)

(Submitted January 17, 1912.   Decided January 25, 1912.)

[121 Pac. 291.]

*Injunction—Police Interference—Injury to Business—Houses of Prostitution—Messenger Service—Minors.*

Police Officers—Duty of, in Enforcement of Criminal Laws.
   1. It is the duty of the police department, independently of city ordinances to that effect, to assist in enforcing the criminal laws of the state.

Injunction—Police Interference—Houses of Prostitution—Messenger Service—Minors.
   2. A writ of injunction *held* to have been improperly granted to prevent police interference with plaintiff's messenger service, though it did injure his otherwise lawful business, where the officers were enforcing an ordinance which made the presence of minors in and about houses of prostitution unlawful.

*Appeal from District Court, Silver Bow County; John B. McClernan, Judge.*

SUIT by Oscar Andrieux and another, doing business under the name and style of the Independent Messenger Company, against the City of Butte and others. From an order granting an injunction *pendente lite,* defendants appeal. Reversed.

*Mr. H. Lowndes Maury, Mr. John A. Smith,* and *Mr. N. A. Rotering,* for Appellants, submitted a brief; *Mr. Smith* argued the cause orally.

*Messrs. Davies & Lyon* submitted a brief in behalf of Respondents; *Mr. Lyon* argued the cause orally.

· MR. JUSTICE HOLLOWAY delivered the opinion of the court.

This is an appeal from an order granting an injunction *pendente lite.* The complaint sets forth that plaintiffs are engaged in furnishing messenger service to the general public in Butte; that they have invested large sums of money, and have con-

nected their office with the homes and places of business of their patrons by wires; that by means of call-boxes their patrons are enabled to call upon plaintiffs for messengers whenever such service is needed; that among plaintiffs' patrons in whose places of business these call-boxes are installed, and who are supplied with messenger service, are many persons living and conducting business in what is known as the "restricted district" of Butte; and that plaintiffs' business with these people is of great value. It is then alleged that the defendants have caused one of plaintiffs' employees engaged in discharging his duties in such district to be arrested and threaten to continue to arrest plaintiffs' employees working in such district, and will, unless restrained, carry out their threat and destroy plaintiffs' business so far as the restricted district is concerned; that defendants have ordered plaintiffs to remove the call-boxes in that district and threaten, unless plaintiffs comply, to remove such boxes themselves. Upon this complaint an order to show cause was issued, and upon the return the defendants presented a verified answer, certain affidavits, and oral testimony. At the conclusion of the hearing the court granted an injunction *pendente lite,* and this appeal followed.

In the answer presented by the defendants it is alleged that the houses in the restricted district of Butte are used for the purpose of prostitution; that lewd, idle, and vicious characters assemble therein; that by means of the call-boxes and wires installed by plaintiffs in such district the inmates of the houses therein call upon plaintiffs for messengers, and in response thereto plaintiffs furnish, as messengers to such inmates, minors —boys under the age of seventeen—to carry messages to and from such inmates; that the boys so employed enter the houses in such district; and that, by means of the service so furnished by plaintiffs to the inmates of such houses, the vice and crime of prostitution is promoted, developed, and extended. It is further alleged that the employment of minors to perform messenger service among the inhabitants of such district tends to debase the minors so employed and to extend and promote vice and crime. The defendants then admit that they caused one of plain-

tiffs' employees to be arrested, but allege that he was a minor under seventeen years of age, and then plead two ordinances of the city and seek to justify under them.   Ordinance 150 makes all houses of prostitution public nuisances and provides penalties.   Ordinance No. 129 makes it unlawful to employ minors in or about houses of prostitution or certain other places mentioned, with an exception hereafter to be noted.   Upon the hearing these ordinances were read in evidence, as were affidavits of certain police officers.   There was also offered oral testimony which need not be considered in detail.   Suffice it to say that we think the evidence offered tends to support the allegations of the answer, and, as it was not controverted, it will be taken to prove whatever it tends to prove, so far as this appeal is concerned.   The question presented, then, is: Should a court of equity by injunction protect these plaintiffs in carrying on their business in the restricted district of Butte, under the circumstances as they are thus made to appear?

The position of respondents, as indicated in the brief of their counsel, is that it does not appear that their business falls within the prohibition of section 1 of Ordinance 129.   There is a proviso in that section exempting from its operations minors whose parents or guardians consent to their employment in the places mentioned.   But it is not within the power of a parent or guardian of a minor to make lawful the employment of such minor about a house of prostitution, if his employment there is in aid of the business of prostitution or assists in furthering that business, for the business itself is unlawful (Rev. Codes, sec. 8397), and everyone who aids, assists, or abets it is guilty of a misdemeanor.   But section 2 of Ordinance 129 is broader in its terms.   It provides: "Hereafter it shall be unlawful for any person or persons, firm, copartnership or corporation to allow or permit any minor to loiter in or around, to be in or about or to frequent any place of business or other place mentioned in section 1 of this ordinance."   The places mentioned in section 1 include houses of prostitution.   If the police department of Butte needed authority by city ordinance to prohibit the employment of minors in or about the houses of prostitution, or to prevent

the use of the call-boxes and wires in such houses, the section above and Ordinance 150 furnish ample authority.

But independently of city ordinance, it was the duty of the [1] police department to assist in enforcing the criminal laws of the state (*State ex rel. Quintin* v. *Edwards,* 38 Mont. 250, 99 Pac. 940), and, if the means resorted to tend in that direction, plaintiffs cannot be heard to complain that the enforcement of the laws militates against the success of their [2] business. Their loss from this police surveillance was but an incident arising from their unfortunate connection with these outcasts. (*Pon* v. *Wittman,* 147 Cal. 280, 81 Pac. 984, 2 L. R. A., n. s., 683.) In the case just cited, the supreme court of California was considering a case somewhat similar, in this: that the injunction, while ostensibly intended to protect private property devoted to a legitimate business, in fact operated to encourage and protect prostitution, and, speaking of the subject now under consideration, the court said: "These houses are common or public nuisances. Their maintenance directly tends to corrupt and debase public morals, to promote vice, and to encourage dissolute and idle habits; and the suppression of nuisances of this character and having this tendency is one of the important duties of government. The suppression of such houses, as evidenced by the stringent laws concerning them, is the public policy of the state, and their abatement is to be accomplished by any reasonable and effective means which the government shall adopt, and which does not involve a breach of the peace or the invasion of private rights."

Upon the showing made by this record, we do not entertain any doubt that the business of these plaintiffs, as carried on in the restricted district, made them *prima facie* participants in the unlawful business there carried on by the common prostitutes. (*City of Louisville* v. *Wehmhoff,* 116 Ky. 812, 76 S. W. 876, 79 S. W. 201, 25 Ky. Law Rep. 995, 1924.) That a court of equity should not lend its aid in furtherance of such business is too clear to require the citation of authorities.

The order is reversed.

*Reversed.*

MR. CHIEF JUSTICE BRANTLY and MR. JUSTICE SMITH concur.