## WALTER ROSENBERG

*v.*

## THOMAS V. ARROWSMITH et al.

[Submitted January 21st, 1914.   Decided January 21st, 1914.]

1. Where complainant illegally maintained a moving picture show on Sunday, he was not entitled to an injunction restraining the police authorities in closing his show from reading a proclamation against riots to complainant's audiences on the ground that there was no riot, since in the enforcement of the law the fact that the police, without warning, employed an inappropriate measure merely incidental to a lawful act did not cause harm to complainant which could be the subject of an injunction.

2. The operation of a moving picture show on Sunday is a "worldly employment or business" in violation of *4 Comp. Stat. 1910 p. 5712*, prohibiting worldly employment or business, interludes, and plays, fiddling or other music for the sake of merriment on Sunday.

3. Where the operation of a moving picture show was prohibited by *4 Comp. Stat. 1910 p. 5712*, the fact that the proceeds of a certain performance were donated to charity did not make the operation of the show a work of necessity or charity within the exception of the law.

On motion for preliminary injunction.

*Mr. Thomas P. Fay,* for the motion.

BACKES, V. C.

The complainant is the proprietor of the Broadway Theatre at Long Branch, in which he has in the past and desires in the future to exhibit moving pictures on Sundays.

The defendants, the police authorities at Long Branch, have interfered with the Sunday night performances by entering the premises, reading the Riot act and removing the audience.

The prayer of the bill is that the defendants

"may be restrained from further molesting and interfering with your orator under pretense of enforcing the act to prevent riots, routs, and

tumultuous assemblies, and from reading any proclamation under said act in the theatre of your orator, and taking possession of the theatre of your orator and stationing policemen at the doors of your orator's theatre under the pretense that there was a riot, rout, or tumultuous assembly."

(1) Upon this application for a preliminary injunction, the complainant asks only that the police be restrained from reading a proclamation against riots to the complainant's audiences, upon the theory that although the authorities may lawfully close the complainant's theatre on Sunday, they have not the right—there being no riots—to, in the discharge of their admitted duty, read an impertinent proclamation. The statement carries with it its refutation. If, in the enforcement of the law, the police, without warrant in fact, employ an inappropriate measure which is merely incidental to a lawful act, no harm is done to the complainant, of which he can complain.

(2) Worldly employment or business, interludes and plays, fiddling or other music for the sake of merriment on Sunday, are forbidden by our Vice and Immorality act (*Comp. Stat. p. 5712*), and one who maintains a place in which the law is thus habitually violated, is guilty of keeping a disorderly house. *State v. Diamant, 73 N. J. Law (44 Vr.) 131; State v. Martin, 77 N. J. Law (48 Vr.) 652.* Conducting a moving picture show is undoubtedly "worldly employment or business," interdicted by the statute. A moving picture show perhaps may come within the definition of interludes and plays, but this need not be decided. A moving picture show, and the accompanying music, are inhibited by the act. The act excepts "works of necessity and charity from its operation." The complainant claims to come within this exemption, because, as he alleges, the proceeds of a certain performance are to be donated by him to charity, and asks that as to this particular exhibition an injunction issue against police interference. The difficulty with this position is that the statute permits works of charity and does not exempt prohibited acts merely because the proceeds or results may be devoted to charity. If the meaning of the statute were as the complainant contends, then any licensed saloon keeper could defy the Sunday selling law by offering to give the proceeds of his sales to the poor.

(3) Leave was granted to the complainant to renew his application, and he now cites the case note to *Delaney* v. *Flood* (*N. Y.*), in *2 L. R. A.* (*N. S.*) *678*. The opinion and the argument in the note do not advance his plaint. The attitude of the complainant, and the rights which · he seeks to vindicate here, cannot be looked upon with favor by a court of equity'. To grant him the relief he asks would assist him in carrying on an unlawful business. *High Inj.* § *9*.

The writ is refused.