STATE OF NEBRASKA v. EDWARD K. MURRAY.

FILED DECEMBER 15, 1919.    No. 20556.

1. **Constitutional Law: SUNDAY LABOR ACT.** Chapter 234, Laws 1917, is not discriminative class legislation by reason of the fact that it imposes upon barbers a more severe penalty for working at their trade on Sunday than that imposed by the general Sunday act, namely, section 8802, Rev. St. 1913.

2. **Sunday Labor Act: PENALTY.** Under the police power the legislature may impose such reasonable penalty for a violation of the Sunday law as it may deem reasonably necessary to make the act effective.

3. ———: BARBER SHOPS. It is within the province of the legislature to provide by law that keeping barber shops open on Sunday is not a work of necessity.

ERROR to the district court for Douglas county: WILLIS G. SEARS, JUDGE. *Affirmed.*

*Brown, Baxter & Van Dusen,* for plaintiff in error.

*Willis E. Reed, Attorney General, Orville L. Jones, Mason Wheeler* and *George A. Magney, contra.*

DEAN, J.

Edward K. Murray was convicted and fined $10 and costs in police court under a complaint charging that, in Douglas county, he, "being a barber, working as such in the barber shop of the Hotel Fontenelle, did then and there on Sunday, July 29, 1917, barber one John Doe, * *' * the said John Doe, real name unknown, being at the time of said barbering a guest at the Hotel Fontenelle."

On appeal a jury was waived, and the case being tried to the court on a stipulation of facts, the judgment was affirmed by the district court. Defendant prosecutes error.

The stipulation follows: " (1) The defendant, Edward K. Murray, is a barber by profession, and as such was on Sunday, the 29th day of July, 1917, in the employ of the Interstate Hotel Company, then operating the Hotel Fontenelle in the city of Omaha, Douglas county, Nebraska; that the said defendant on said day and time and place, and in the barber shop owned and operated by said hotel company in said hotel company's building, did barber one Harry C. Lefler under direction of said hotel company.

"(2) That said Lefler at said time was a guest of said Hotel Fontenelle, having arrived late the night before from some distant point in another state; that when said Lefler, guest of said hotel, came into the barber shop and demanded services, he was in necessary need of barbering in order to be comfortable and healthy and in order to make himself presentable in appearance and acceptable to the other guests of the hotel in the dining room and lobby thereof; that said Hotel Fontenelle has a capacity to entertain more than 300 guests at a time, and on or about the date mentioned above there

State v. Murray.

were several hundred other guests in said hotel; that in the city of Omaha and in the state of Nebraska, there are a great many other hotels of large capacity maintained and operated on the same high plane as the Hotel Fontenelle and which are patronized by the traveling public especially in large numbers, who likewise maintain and operate in connection with said hotel business barber shops for the accommodation, comfort and health of their patrons; that the traveling public stopping at said hotel expect and demand on Sunday, as well as week days, tonsorial attention and service as well as bed and board accommodations; that a very large per cent. of said patrons are commercial travelers and solicitors, who, during the week, have pursued their business in other parts of the state, and who are in the habit of coming to Omaha to spend Sunday at the Omaha hotels, and who usually arrive on the late Saturday night or early Sunday morning train, and whose health as well as comfort requires tonsorial care and attention; that a very large per cent. of said patrons are without proper equipment for shaving themselves, and of course are physically unable to cut their own hair or treat themselves with either electric or other massage."

Defendant argues that the barber act, namely, chapter 234, Laws 1917, is not applicable to the facts; that it is "class and special legislation," that "it discriminates against barbers and in favor of other common laborers by imposing on barbers a severer penalty than that imposed by the general Sunday act on other common laborers, and is therefore unconstitutional." The "general Sunday act" referred to imposes a fine "not exceeding $5 nor less than $1" for working on Sunday "at common labor, work of necessity or charity only excepted." Rev. St. 1913, sec. 8802.

Section 1 of the act in question, so far as applicable, provides: "It shall be unlawful for any person," his agents or servants, "to conduct, carry on or to perform

any of the services of a barber on the first day of the·
week, commonly called Sunday, provided that the services
of a barber shall be defined as common labor and shall
not be construed as being a work of necessity or charity,
provided that where such services shall be done in con-
nection with the medical treatment of persons confined
to their rooms or in a hospital and being under the
care of a physician, the same shall be construed as a
work of necessity." Section 2 fixes a fine of $10· for
the first offénse and "not less than fifteen ($15.00)
dollars or more than fifty ($50.00) dollars or by imprison-
ment in the county jail for not to exceed thirty (30)
days for the second and subsequent offenses."

We do not think the act will bear the construction
contended for by defendant. It applies equally to all
of the members of a certain class, namely, the barbers
of the state, and it seems to be a reasonable exercise
of the police power. Under this power the legislature
in its discretion may impose such reasonable penalty
as will apply to all the members of any given class of
persons, for working on Sunday as it may deem reason-
bly necessary to make the act effective. Statutes simi-
lar to ours that inflict a heavier penalty for barbering on
Sunday than is imposed on other classes of labor for
violation of the general Sunday acts have been held con-
stitutional. *Breyer v. State,* 102 Tenn. 103; *Stanfeal v.
State,* 78 Ohio St. 24; *People v. Bellet,* 99 Mich. 151.
In the Michigan case the subject is discussed at· some
length. The court aptly said:

"It is conceded that the state, in the exercise of its
police power, has the right to enact Sunday laws, and
that it also has the right to provide for the regulation
and restriction of those engaged in an employment which,
in and of itself, may prove harmful to the community,
such as the liquor traffic. But it is contended that the
business of conducting a barber shop is not of this class,
and that it is in the nature of class legislation to pro-
hibit this business under more severe penalties than

those provided for the conduct of other legitimate business on Sunday. We do not deem the act in question open to such objection. By class legislation, we understand such legislation as denies rights to one which are accorded to others, or inflicts upon one individual a more severe penalty than is imposed upon another *in like case* offending."

Cooley, Constitutional Limitations (7th ed.) 554, is cited in support of the text.

Defendant argues too that, in view of the stipulation which provides that Lefler "was in necessary need of barbering in order to be comfortable and healthy," this made the barbering a work of necessity. We do not think so. Lefler was barbered in the barber shop. Under the agreed statement of facts he did not come within the class of persons who are excepted from the operation of the statute and for whom the services of a barber may lawfully be performed "in connection with the medical treatment of persons confined to their rooms or in a hospital and being under the care of a physician." If any of these conditions had obtained, the barbering, under the express terms of the act, would, of course, be construed to be a work of necessity. It will not be presumed that the legislature by this act intended to make it a crime in a case of emergency to cut the hair or to remove the beard of a person who has sustained injuries about the head or face and for whose proper treatment such services are required. The facts stipulated do not present a case of that kind.

Defendant's contention that it is not within the province of the legislature to define what is a work of necessity or charity does not seem to be well founded. In *Petit v. Minnesota*, 177 U. S. 164, the supreme court of the United States commented on and approved this language found in the Minnesota opinion: "In view of all these facts, we cannot say that the legislature has exceeded the limits of its legislative police power in declaring that, as a matter of law, keeping barber shops

open on Sunday is not a work of necessity or charity, while as to all other kinds of labor they have left that question to be determined as one of fact.''

We do not find reversible error.   The judgment is

AFFIRMED.

ROSE, J., dissents.