[No. 17306. *En Banc.* November 9, 1922.]

ASSUERO BIAGINI *et al., Appellants,* v. FRED SHOEMAKER, *as Commissioner of Public Safety of the City of Tacoma et al., Respondents.*[1]

INJUNCTION (38)—PERSONAL RIGHTS—INTERFERENCE WITH UNLAW-FUL BUSINESS. The proprietors of a soft drink establishment are not entitled to an injunction against interference with their business by the maintenance of un-uniformed police officers in the place, where its character, business, stock on hand, and the number of employees, strongly indicated that its activities were not confined to legitimate business under the license issued, but included the illicit sale of intoxicating liquors.

Appeal from a judgment of the superior court for Pierce county, Clifford, J., entered December 29, 1921, in favor of the defendants, dismissing an action for an injunction, after a hearing before the court. Affirmed.

*A. B. Bell* and *Harry E. Phelps,* for appellants.

*J. Chas. Dennis, Percy P. Brush,* and *D. D. Schneider,* for respondents.

MACKINTOSH, J.—Cutting through the shell of this case and getting down to the meat in the cocoanut, we find an action by the proprietors of a soft-drink establishment, in Tacoma, to enjoin the police officers of that city from placing and maintaining in the establishment un-uniformed police officers. Injunction is sought upon the ground that this interference by the police officers constitutes a continuing trespass, and that equity should restrain such conduct.

The testimony in the case discloses that the appellants are operating under a license from the city of

[1]Reported in 210 Pac. 193.

Tacoma allowing them to sell soft drinks and tobacco, and that they have a place of business where the character of the equipment, the number of employees, the rent paid and the stock of merchandise on hand would . strongly indicate that, if the appellants' activities were confined to the business for which they have a license, the possibility of making a profit therefrom is somewhat doubtful.

Under these circumstances, and coupled with the fact that numerous complaints have been made to the police department that the establishment was actively engaged in the illicit sale of intoxicating liquor, that department decided upon the course which is here complained of.

The evidence fails to disclose that the presence of the police officers has interfered with the legitimate business which the appellants are entitled to conduct. The appellants' testimony that their profits have been diminished some fifty or sixty per cent does not attempt to confine that loss to their legitimate business.

There are authorities—principally from the appellate division of the supreme court of New York—to the effect that police departments will be enjoined under facts analogous to those here detailed. But neither the reason nor result of these decisions is engaging, and what seem the better and more numerous authorities are to the contrary. Police officers, of course, cannot be allowed to do unreasonable and unwarranted acts which interfere with legitimate business, yet they are not to be so hampered in their activities in preventing crime as to make the perpetration of crime profitable, easy and uninterrupted. There is no showing here of any unreasonable or capricious action. which would warrant the interference of the court. As was well said by the trial judge, in passing upon this case:

"That a court of equity would not intervene and allow the use of a writ of injunction, the obvious purpose of which was to prevent police interference in the conduct of an unlawful business, viz., the maintaining of this place for the unlawful sale and disposition of intoxicating liquors."

Authorities which sustain the conclusion of the trial court may be found in the following cases: *Queen City Stock & Grain Co. v. Cunningham,* 128 Ala. 645, 29 South. 583, 86 Am. St. 164; *Adams v. Chesapeak Oyster & Fish Co.,* 34 Colo. 219, 82 Pac. 528; *Canon City v. Manning,* 43 Colo. 144, 95 Pac. 537, 17 L. R. A. (N. S.) 272; *Caille Company v. Haager,* 20 Ky. Law 1889, 50 S. W. 244; *People v. McKeehan,* 11 Cal. App. 443, 105 Pac. 273; *Andrieux v. City of Butte,* 44 Mont. 557, 121 Pac. 291, Ann. Cas. 1913B 714; *Asiatic Club v. Biggy,* 160 Cal. 713, 117 Pac. 912; *Pon v. Wittman,* 147 Cal. 280, 81 Pac. 984, 2 L. R. A. (N. S.) 683.

The superior court was correct in denying the injunction, and its judgment is affirmed.

ALL CONCUR.