## Strand Amusement Company et al. v. City of Owensboro et al.

(Decided March 15, 1932.)

.CLEMENTS & CLEMENTS and BEN D. RINGO for appellants.

HERMAN A. BIRKHEAD, R. MILLER HOLLAND, E. B. ANDERSON, C. W. WELLS, JOHN A. DEAN, JR., and CARROLL E. BYRON, for appellees.

OPINION OF THE COURT BY JUDGE WILLIS—Affirming.

The Strand Amusement Company and six of its servants sued the city of Owensboro and its officials charged with the duty of enforcing the laws of the state and the ordinances of the city to enjoin them from attempting to enforce a certain city ordinance, recently adopted. The ordinance assailed was entitled ''An ordinance defining commercialized amusements, prohibiting the operation of any such commercialized amusement on Sunday, and providing an annual' license fee for such business and providing a method for the cancellation of such license or privilege of doing business, and a penalty for the violation of this ordinance.'' The legislation was embodied in seven sections. The first section defined commercialized amusements so as to embrace all places or forms of amusement operated for gain. The second

section made it a misdemeanor, punishable as therein provided, for operating on Sunday. Section 3 regulated the form and contents of applications for the licenses required by the ordinance. The fourth section set forth grounds upon which such licenses could be revoked. By section 5 the city was authorized to refuse electric service to any one while engaged in violation of the ordinance. The next provision declared the sections of the ordinance to be severable and not interdependent, so that the possible invalidity of one provision should not affect any of the others. The final section required that all licenses issued under the ordinance should be subject to its terms, conditions, and limitations, and any and all conflicting municipal legislation was repealed. The petition averred that: "In obedience to many requests and a large popular demand that moving pictures be exhibited by it at its places of business on Sunday the Strand Amusement Company did, on May 4th, 1930, open its two moving picture houses and furnish therein public entertainment in the form of moving pictures on the afternoons and evenings of each Sunday, and has continued to do so down to this date." It further averred that the plaintiff had been arrested and rearrested for violating the statute of the state of Kentucky forbidding unnecessary work on the Sabbath day, and had been fined frequently for that offense. It then alleged that the defendants were proceeding to enforce the ordinance against them because the plaintiffs proposed and intended to continue operating the picture shows on Sunday. It is the position of the plaintiffs that the ordinance is invalid because it imposes upon commercialized amusements a higher penalty for violating the Sunday law than is imposed upon other violators thereof (Stratman v. Com. 137 Ky. 500, 125 S. W. 1094, 27 L. R. A. (N. S.) 949, 136 Am. St. Rep. 299), whilst the city insists that the legislation is based upon a reasonable classification that is entirely appropriate to aid in the enforcement of a state law (State of Nebraska v. Murray, 104 Neb. 51, 175 N. W. 666, 8 A. L. R. 563, annotation at page 566; Cooper v. Rollins, 152 Ga. 588, 110 S. E. 726, 20 A. L. R. 1105, annotations 1114; Elliott v. State, 29 Ariz. 389, 242 P. 340, 46 A. L. R. 284, annotations page 290; Com. v. Ky. Jockey Club, 238 Ky. 739, 38 S. W. (2d) 987; Miller v. Wilson, 236 U. S. 373, 35 S. Ct. 342, 59 L. Ed. 628, L. R. A. 1915F, 829; Truax v. Raich, 239 U. S. 33, 36 S. Ct. 7, 60 L. Ed. 131, L. R. A. 1916D, 545, Ann. Cas.

1917B, 283; Patsone v. Pennsylvania, 232 U. S. 138, 34 S. Ct. 281, 58 L .Ed. 539).

The circuit court dismissed the action on demurrer to the petition, and the plaintiffs have prosecuted an appeal.

We do not deem it necessary to investigate the validity of the ordinance or to intimate an opinion concerning that subject. The plaintiffs have no standing in a court of equity to aid or to protect them in the violation of a law of the state. It is settled that the operation of a moving picture show in this state on Sunday is unlawful. Ky. Stats., sec. 1321; Capital Theatre Co. v. Com., 178 Ky. 780, 199 S. W. 1076; Strand Amusement Co. v. Com., 241 Ky. 48, 43 S. W. (2d) 321. The petition discloses the continuous unlawful conduct of the plaintiffs, and their fixed purpose to persist in similar illegal acts. A court of equity will not interpose to enjoin interference with an illicit or prohibited business. Its jurisdiction may be invoked only for the protection of lawful rights respecting persons or property. No wrong is necessarily involved in preventing the violation of a penal statute or the commission of a crime, and the court will not undertake in advance to define the scope or limitation of the powers of an officer engaged in the discharge of his sworn duty. Caille Co. v. Haager, 50 S. W. 244, 20 Ky. Law Rep. 1889. The plaintiffs seek to protect themselves in the repeated violation of a state law, and the complaint is that the defendants in carrying out the mandate of the city ordinance may prevent them from carrying on their business on Sunday. The plaintiffs do not manifest any right to carry on their business on Sunday. Indeed, they have no such right. The law will not permit its process to be made the instrument of its own subversion, and the plaintiffs cannot derive from their own unlawful conduct a right to invoke a remedy available only to protect persons in the lawful enjoyment of property or in the proper exercise of privileges. A right arises to no one out of his own willful wrong. 21 C. J., sec. 164, p. 183.

The principles announced are obviously sound, comport with public policy, and are sustained by abundant and unassailable authority. Turning first to the text-books, we find the rule thus succinctly stated in 32 C. J. sec. 57, page 83, under the title of Injunctions: "A court of equity will not grant an injunction, the effect of which

would be in aid of an act which if done would be criminal or illegal." See, also, the same title in 32 C. J., sec. 411, page 261, and 21 C. J., sec. 178, p. 191, under the title of Equity.

In 14 R. C. L., sec. 68, page 367, we find:

"It is a general rule that equity will not interfere with the police in the enforcement of criminal statutes, nor extend its help for the purpose of aiding one to commit a crime, and hence it will refuse an injunction when the evident purpose thereof is to prevent police interference in the conduct of an unlawful business, it being held that, if the plaintiff has been oppressed and injured by any unlawful acts on the part of the public authorities, he must seek redress, either under the provisions of the penal law, if any remedy is thus afforded, or by an action at law for damages. This doctrine has frequently been applied in the case of hotels alleged to be disorderly."

In 14 R. C. L., sec. 130, page 426, it is said:

"The general rule is that a court of equity has no jurisdiction or power to interfere to arrest the authorities charged with the execution of the criminal law, whether it pertains to the state at large, or to the municipalities, which are agencies in the administration of civil government. This interference has been held so completely beyond the jurisdiction of courts of chancery that their decrees in such cases have been disregarded as absolutely void in collateral proceedings, and persons arrested for contempt for violating their injunctions discharged on habeas corpus. The principle applies, even though the injunction is not asked against the prosecuting official, where, if granted, it will operate to enjoin criminal prosecutions."

The quotation is supported by a veritable avalanche of authority. The only exception to the rule or modification thereof is that an injunction may be issued to protect a lawful property right from an unlawful invasion. The principle applies with equal force to an application for an injunction to prevent the enforcement of a city ordinance. 14 R. C. L., sec. 132, p. 430. See also, 10 R. C. L., sec. 139, p. 389.

Coming now to the cases decided by the courts, it is discovered that equal vigor has been displayed in emphasizing the duty of courts of equity to refrain from lending any aid or comfort to those engaged in violation of the law. In Delaney v. Flood, 183 N. Y. 323, 76 N. E. 209, 2 L. R. A. (N. S.) 678, 111 Am. St. Rep. 759, 5 Ann. Cas. 480, it was held that equity would not enjoin police officers from exercising surveillance at a place where liquor was sold, even though the acts of the police might be illegal. In Kenny v. Martin, 11 Misc. Rep. 651, 32 N. Y. S. 1087, the court denied an injunction to prevent the police from interfering with billiard rooms kept open on Sunday. In Campbell v. York, 30 Misc. Rep. 340, 63 N. Y. S. 581, the court denied an application to restrain the police from interfering with the playing of instrumental music in a saloon not licensed as a theater and concert hall. In Andrieux v. City of Butte, 44 Mont. 557, 121 P. 291, 292, Ann. Cas. 1923B, 712, application for an injunction was denied on the ground that a court of equity should not lend its aid in furtherance of an unlawful business. As remarked by the court, the proposition was ''too clear to require the citation of authorities.'' The plaintiff was engaged in furnishing messenger service and sought to enjoin the officers of the city from interfering with the service which operated indirectly to facilitate an unlawful business. In the annotations it is stated to be the settled rule that equity will not interfere with the police in the enforcement of criminal statutes nor extend its help for the purpose of aiding one to commit a crime. An injunction will be refused when the evident purpose thereof is to prevent police interference in the conduct of an unlawful business, or of a lawful business that is being illegally operated. The doctrine is sustained by many authorities collected in the notes. Asiatic Club v. Biggy, 160 Cal. 713, 117 P. 912, 913; Queen City Stock & Grain Co. v. Cunningham, 128 Ala. 645, 29 So. 583, 86 Am. St. Rep. 164; Denver v. Beede, 25 Colo. 172, 54 P. 624; Olympic Athletic Club v. Speer, 29 Colo. 158, 67 P. 161; Delaney v. Flood, 183 N. Y. 323, 76 N. E. 209, 2 L. R. A. (N. S.) 678, 111 Am. St. Rep. 759, 5 Ann. Cas. 480. In the California case cited the evidence indicated that the Asiatic Club was maintained for the purpose of gambling. The court refused to grant the injunction sought, saying: ''This brings the case within the doctrine stated in a concurring opinion, in Pon v. Wittman, 147 Cal. 280, 298, 81 P. 984,

987, 2 L. R. A. (N. S.) 683, expressly agreed to by six members of this court. Assuming the facts to be as stated above, the plaintiff, to use the language of such opinion, 'is in reality simply asking a court of equity to prevent the suppression of places maintained in violation of law,' . . . 'It needs no citation of authorities to substantiate the elementary proposition that equity will not stretch forth a helping hand for the purpose of aiding one in committing a crime.' " In Denver v. Beede, supra, the court refused to grant an injunction sought to restrain the police from interfering with the giving of Sunday theatrical performances. After reviewing a number of authorities, the editor of Ann. Cas. 1913B, at page 719, adds:

"Somewhat analogous are cases involving violations of the Sunday laws. Thus it has been held that equity will not by injunction interfere with the police in enforcing the Sunday laws, or in their inspection of moving picture or other shows, or with their right to arrest for any violation of the law either in the character of the exhibition or the method in which it is given. This rule has been applied in the recent cases to a Sunday performance of a moving picture show, Shepard v. Bingham, 125 App. Div. 784, 110 N. Y. S. 217; Keith, Etc., Amusement Co. v. Bingham, 125 App. Div. 791, 110 N. Y. S. 219; Schimkevitz v. Bingham, 125 App. Div. 792, 110 N. Y. S. 219; Yorkville Amusement Co. v. Bingham, 64 Misc. Rep. 636, 118 N. Y. S. 753; Edwards v. McClellan [Sup.] 118 N. Y. S. 181; a Sunday exhibition of wax-works, Eden Musee American Co. v. Bingham, 125 App. Div. 780, 110 N. Y. S. 210, reversing 58 Misc. Rep. 644, 108 N. Y. S. 200; roller skating on Sunday, Olympic Athletic Club v. Bingham, 125 App. Div. 793, 110 N. Y. S. 216; billiard rooms kept open on Sunday, Kenny v. Martin, 11 Misc. Rep. 651, 32 N. Y. S. 1087; trading on Sunday, Anonymous, 12 Abb. N. Cas. (N. Y.) 455; Anonymous, 12 Abb. N. Cas. (N. Y.) 458; playing baseball on Sunday, Brighton Athletic Club v. McAdoo, 47 Misc. Rep. 432, 94 N. Y. S. 391; and interference with property rights in threatening to close a ballroom leased for Sunday entertainments, Suesskind v. Bingham, 125 App. Div. 787, 110 N. Y. S. 213."

See, also, Joyner v. Hammond, 199 Iowa, 919, 200 N. W. 571, 36 A. L. R. 934; Corneli v. Moore (D. C.) 207 F. 456; Leonard v. American Life, Etc., Co., 139 Ga. 274, 77 S. E. 41; Rosenberg v. Arrowsmith, 82 N. J. Eq. 570, 89 A. 524; Sociological Research Film Corp. v. New York, 83 Misc. Rep. 605, 145 N. Y. S. 492; Power v. Nordstrom, 150 Minn. 228, 184 N. W. 967, 18 A. L. R. 733. Kalwin Business Men's Assn. v. McLaughlin, 216 App. Div. 6, 214 N. Y. S. 507, 512.

"Equity withholds her aid from those who transgress the law in and about a matter in which redress is sought." Headley v. City of Chester, 22 Pa. Dist. R. 900.

The maxim that he who comes into equity must come with clean hands applies with peculiar force to cases of this character. Dunscombe v. Amfot Oil Co., 201 Ky. 290, 256 S. W. 427.

There are many decisions of this court on analogous questions that constitute authority for the principles applied. Cohen v. Webb, 175 Ky. 1, 192 S. W. 828; Smiser v. City of Cynthiana, 97 S. W. 35, 36, 29 Ky. Law Rep. 1244; City of Franklin v. Lacey, 157 Ky. 261, 162 S. W. 1126; Hieatt v. Settle, 176 Ky. 160, 195 S. W. 420; Johnson v. Tartar, 199 Ky. 45, 250 S. W. 498; Sevier v. City of Barbourville, 180 Ky. 553, 204 S. W. 294, L. R. A. 1918F, 1128; Pelfry v. Spencer, 204 Ky. 578, 265 S. W. 4.

It is upon like principle that public service corporations operating without right to occupy city streets with their equipment are not permitted to invoke the arm of the chancellor to aid them. East Tennessee Tel. Co. v. Anderson County Tel. Co., 115 Ky. 488, 74 S. W. 218, 24 Ky. Law Rep. 2358; Cumberland Tel. & Tel. Co. v. City of Calhoun, 151 Ky. 245, 151 S. W. 659.

The audacity of the application suggests a comment of this court in referring to the case of Everett v. Williams, 9 L. Q. B. 197, reviewed in Central Trust & Safety Deposit Co. v. Respass, 112 Ky. 606, 66 S. W. 421, 23 Ky. Law Rep. 1905, 56 L. R. A. 479, 99 Am. St. Rep. 317, where a bill, although framed in veiled and ambiguous language, was in reality an action for an accounting and settlement of a partnership business in highway robbery. The bill was condemned for impertinence. The solicitors were taken in custody and fined 50 pounds each for reflecting upon the honor and dignity of the court. The counsel who signed the bill were required to pay the cost; and both the litigants were hanged. In adverting to that

case, and to the reprehensible attitude of the litigants in Chapman v. Haley, 117 Ky. 1004, 80 S. W. 190, 192, 25 Ky. Law Rep. 2182, 4 Ann. Cas. 712, Judge Barker said:

"Taken as a whole, we do not believe the books disclose a parallel in audacity to the case at bar, saving always the history of the dark-lantern firm of Houndslow Heath, detailed above. That a like judgment did not overtake the parties litigant here, as dissolved the ancient partnership, marks the lapse of our modern procedure from that vigorous integrity with which the ancient judges administered the common law in its primitive virtue."

The opinion of Judge Carroll in reinstating an injunction in Jones v. City of Paducah, 157 Ky. 781, 164 S. W. 101, when rightly understood, is not an authority for the position of the plaintiffs in the present case. There the city was not acting in aid of a state law, but was attempting to legalize acts contrary to the public policy of the state as embodied in the statutes concerning usury. The injunction was granted to further the policy of the law and not to frustrate it. See 10 R. C. L., sec. 140, p. 392, and section 102, page 353. The injunction was issued for the sake of the law and not to serve the plaintiffs in violating it. If Judge Carroll's opinion should be pressed as a precedent beyond the limits indicated, such an extension thereof would crumble under the great weight of the authorities to the contrary.

The judgment is affirmed.

Whole court sitting.