## GASTINEAU v. BRADLEY, Judge.

Court of Appeals of Kentucky.
May 30, 1952.

A. E. Funk, Jr., Middlesboro, for petitioner.

Harbison, Kessinger, Lisle & Bush, Lexington, for respondent.

STEWART, Justice.

Petitioner, Wallace A. Gastineau, seeks a writ to prohibit Hon. Joseph J. Bradley, Judge of the Fayette Circuit Court, from trying an equitable action in which the Commonwealth of Kentucky ex rel. J. D. Buckman, Jr., Attorney General, as plaintiff, is attempting to obtain possession of a number of slot machines from John M. Moore, United States Marshal for the Eastern District of Kentucky, as defendant.

The facts of this case are that on or about January 18, 1952, the Federal Bureau of Investigation seized numerous slot machines from various persons, including petitioner, in the eastern section of Kentucky,

and brought these gambling devices to Lexington where they were placed in the custody of the above mentioned Marshal. The United States shortly thereafter filed libel actions against these machines seeking to destroy them because it was claimed they were being used in violation of Public Law 906, known as the Johnson Act, See U.S.C.A. Tit. 15, §§ 1171–1177. The United States District Court in a hearing at Lexington adjudged these machines were not being used in violation of any laws of the United States and ordered the Marshal to release them to the respective owners at Lexington. Petitioner averred he has appealed to the United States Court of Appeals for the Sixth Circuit to secure a modification of this order to the effect that the Marshal shall be directed to deliver his machines to him at Middlesboro. He further stated he has duly filed a supersedeas bond with the United States District Court which it approved and which stays all proceedings in the latter court pending the appeal above-mentioned.

On April 26, 1952, the Commonwealth filed suit in circuit court against Moore as Marshal to enjoin him from returning the machines to the original owners and to require him to deliver them to the Sheriff of Fayette County and the Chief of Police of the City of Lexington in order that the latter should destroy them as contraband in a summary manner as prescribed by KRS 436.280. Petitioner on May 1, 1952, tendered an intervening petition and moved this respondent that he be made a party defendant in the equitable action. He alleged in this pleading that he was the owner of seven of the slot machines, and we use his language, "which are a part of the *gambling devices* sought to be recovered by the plaintiff (the Commonwealth)"; and in paragraph 3 of his petition he further stated, and we quote his words, "that this intervenor has a real interest in said *gambling devices* and should be made a party defendant". Respondent refused to permit the filing of the intervening petition and, after argument of counsel for the respective parties, reassigned the cause for hearing on May 7, 1952, for the purpose of hearing testimony and further argument

upon all questions of law and fact related to the case.

On May 6, 1952, Gastineau filed this petition for a writ of prohibition, praying, first, that he be adjudged to have a right to intervene in the equitable action and, next, that respondent be prohibited from proceeding further in the same action because, as is asserted, he is acting without jurisdiction.

■ This Court, in the exercise of the power granted to it under Section 110 of the Constitution, has consistently adhered to the principle of law that it will issue a writ only (a) when the inferior court is acting without jurisdiction, or (b) it is acting within its jurisdiction, but erroneously, and great and irreparable injury will result therefrom and the petitioner is without adequate remedy by appeal or otherwise. Local No. 181, Hotel & Restaurant Emp., v. Miller, Ky., 240 S.W.2d 576.

■ At the very threshold of this case we are confronted with the attempt upon the part of petitioner to utilize a court of equity in the furtherance of his efforts to obtain possession of seven slot machines, admitted by him to be gambling devices, the possession of which is undeniably a violation of the law. See KRS 436.230 and 436.280. It is a fundamental principle of equity that parties seeking its aid must come with clean hands. The law will not permit its process to be made the instrument of its own subversion and, if a party would pursue his remedy in equity, his demand must not rest upon a violation of the law for its foundation, or arise from his own illegal acts, or be based on conduct contra bonos mores. See Annotation 4 A.L.R., p. 63, and Strand Amusement Co. v. Owensboro, 242 Ky. 772, 47 S.W.2d 710, 712.

■ ■ We could discuss the "clean hands" doctrine of equity at great length, as it undoubtedly controls the disposition of this case, but we believe the following statement in the Strand Amusement Co. case, taken from 14 R.C.L., Sec. 68, p. 367, applies here with peculiar force:

"* * * 'It is a general rule that equity will not interfere with the police

in the enforcement of criminal statutes, nor extend its help for the purpose of aiding one to commit a crime, and hence it will refuse an injunction when the evident purpose thereof is to prevent police interference in the conduct of an unlawful business, it being held that, if the plaintiff has been oppressed and injured by any unlawful acts on the part of the public authorities, he must seek redress, either under the provisions of the penal law, if any remedy is thus afforded, or by an action at law for damages. * * *' "

Although this Court will not by the use of an extraordinary writ lend its assistance to the enforcement of an illegal claim, as in the case at bar, we deem it advisable to state that we have doubts as to whether respondent has jurisdiction to enter an order directing Moore as Marshal to turn the slot machines over to the Commonwealth. See 14 Am.Jur., Sec. 251, p. 446. However, we have made a careful examination of the petition and we do not find that petitioner has alleged that respondent does not have jurisdiction over the parties and the subject matter in controversy, so that we may eliminate this element from further consideration. Moreover, we will not assume that respondent will act beyond his jurisdiction in the exercise of his judicial discretion.

Wherefore, the motion for a writ of prohibition is denied and the petition is dismissed.