Frances MUNN, Appellant,

v.

Marvin D. MUNN, Appellee.

Court of Appeals of Kentucky.

June 22, 1956.

C. H. Bruce, John F. Coldiron, Frank K. Warnock, Greenup, for appellant.

Lovel H. Liles, Oscar Sammons, Greenup, for appellee.

WADDILL, Commissioner.

Mrs. Frances Munn has appealed from that part of the judgment entered in this divorce action which determined issues relating to the support of infant children,

alimony, attorney's fees, costs, and property rights arising under KRS 403.060(2). Although we refuse to review the Chancellor's action regarding alimony and property rights, we observe that his disposition of these matters was justified under the proof.

■ The Chancellor found that both parties to this action have, since their marriage in 1932, been continuously engaged in violating our State and Federal laws relating to the possession and sale of intoxicating beverages. Also, the Chancellor found that substantially all money and property they have acquired was derived from their unlawful activities. Moreover, there was testimony that the parties manipulated their property with the intent of defrauding their creditors. Since these findings are supported by the record, it necessarily follows that the subject matter of this action is infected with fraud and illegality. Under such circumstances we shall invoke the ancient doctrine that equity withholds its aid from those who transgress the law in and about a matter in which redress is sought. See, Strand Amusement Co. v. City of Owensboro, 242 Ky. 772, 47 S.W.2d 710; Honaker v. Honaker, 182 Ky. 38, 206 S.W. 12. Hence, we summarily confirm the judgment as it affects the property rights of the parties, and limit our review of the case to determining whether a proper allowance was made for the maintenance of their two infant children and whether the Chancellor correctly ordered Mrs. Munn to pay her own costs and her attorney's fee.

■ The Chancellor ordered Mr. Munn to pay Mrs. Munn $80 a month for the children's support. Under the record, this allowance appears to be adequate for their immediate needs. However, in the event there is a change of conditions which warrants an increase of maintenance for these children, the Chancellor may revise his order to protect their welfare. KRS 403.070; Heltsley v. Heltsley, Ky., 242 S.W. 2d 973.

■ The Chancellor found that Mrs. Munn had established her grounds for divorce. KRS 453.120 provides that in an action of this character the husband shall pay the costs of each party unless it appears that the wife is in fault and has ample estate to pay the costs. In view of the fact that the proof was insufficient to support a finding that Mrs. Munn was in fault within the contemplation of KRS 453.120, we think the Chancellor erred in not decreeing the cost of this action, including a reasonable fee for Mrs. Munn's counsel, against Mr. Munn.

The judgment is affirmed except wherein it ordered Mrs. Munn to pay her own costs and her attorney's fee. In that respect the judgment is reversed, with directions to enter an order for Mr. Munn to pay all costs of actions, including a reasonable fee to Mrs. Munn's attorney.